

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** | **LAW DEPARTMENT** | **DAVID S. THAYER** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>t: (212) 356-2649<br>f: (212) 356-1148<br>e: dthayer@law.nyc.gov |

September 29, 2023

*Via ECF*

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:  <u>**Nampiaparampil v. N.Y.C. Campaign Fin. Bd.**</u>**, No. 23 CV 6391 (ER)**

Dear Judge Ramos:

        I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, the Honorable Sylvia O. Hinds-Radix, attorney for Defendants New York City Campaign Finance Board ("CFB"),[1] David Duhalde,[2] Hannah Egerton, Amy Loprest, Bethany Perskie,[3] Frederick Schaffer, Matthew Sollars,[4] and Jaclyn Williams[5] (collectively,

---

[1] The CFB lacks the capacity to be sued. <u>See</u> <u>Windward Bora LLC v. Thomas</u>, 20-CV-5320 (DG)(MMH), 2022 U.S. Dist. LEXIS 179526, at *10-11 (E.D.N.Y. Sept. 30, 2022) (concluding that Environmental Control Board not a suable entity).

[2] All of the non-entity Defendants have been sued solely in their official capacities as current or former employees of the CFB.

[3] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Perskie's successor at the CFB has been automatically substituted as the appropriate official-capacity Defendant. (Compl. ¶ 45 (noting that Perskie no longer employed at CFB).)

[4] Sollars is no longer employed at the CFB. Thus, pursuant to Rule 25(d), Sollar's successor at the CFB has also been automatically substituted as the appropriate official-capacity Defendant.

"Defendants') in the above-referenced action. As Defendants intend to move to dismiss under Rule 12 of the Federal Rules of Civil Procedure, I write in accordance with the Court's Individual Practices to respectfully request a pre-motion conference or, in the alternative, leave to file a motion to dismiss.

As the Court will recall, this action was brought by Plaintiff Devi Nampiaparampil ("Plaintiff"), who was the Republican Party's candidate in the 2021 election for the citywide office of Public Advocate.[6] (Compl. ¶ 28.) During the election and her preceding campaign, Plaintiff was a candidate participating in the CFB's public financing program. (See id. ¶ 144.) Her participation potentially entitled her to receive public financing of her campaign if she proved eligible, and she voluntarily undertook to comply with a panoply of CFB's rules and regulations governing campaign contributions and expenditures. (See id. ¶ 54(b).)

In broad strokes, it is these rules and requirements that Plaintiff seeks to attack in this action. To that end, Plaintiff asserts twelve causes of action, all arising under the U.S. and N.Y. Constitutions. Specifically, Plaintiff contends that CFB rules prohibiting the use of an opposing candidate's name in a written and in a video statement, which CFB disseminates on behalf of candidates, infringed her right to free speech. (Compl. ¶¶ 106-34, 163-74.) She also contends that, when a CFB staff member sought information about how Plaintiff identifies her race and gender to include that information in a pre-debate release to improve access by disabled persons, this constituted unlawfully compelled speech. (Id. ¶¶ 135-40, 175-80.)

Plaintiff also contends that CFB's limits on her contributions to her own campaign are unconstitutional. (Compl. ¶¶ 141-54, 181-92.) And lastly, she contends that the CFB's post-election auditing process amounts to unconstitutional retaliation for Plaintiff's prior lawsuits against CFB concerning the 2021 election. (Id. ¶¶ 155-62, 193-99.)

Defendants respectfully submit that the Complaint should be dismissed for at least the reasons set forth below.

---

[5] Pursuant to Rule 25(d), Williams' successor at the CFB has also been automatically substituted as the appropriate official-capacity Defendant. (Compl. ¶ 47 (noting that Williams no longer employed at CFB).)

[6] The Office of the Public Advocate is established by the City Charter, see generally N.Y.C. Charter § 24, and serves as a non-voting member of the City Council, though he has the right to introduce and co-sponsor legislation. The Public Advocate also serves as an ombudsman and performs oversight of the City's government by receiving complaints about City agencies, investigating complaints, and issuing recommendations for remediation. Furthermore, in the event of the Mayor's vacancy or incapacity, the Public Advocate is next in the line of mayoral succession. See generally Off. of the N.Y.C. Public Advocate, About: Duties of the Office, https://www.pubadvocate.nyc.gov/about#duties-of-the-office/.

A.    **Claim Preclusion.**

As noted in her Complaint, Plaintiff previously brought several lawsuits against the CFB. One of these actions was dismissed, on the merits, in response to a motion to dismiss under CPLR § 3211(a)(7) for failure to state a cause of action. See generally Nampiaparampil v. N.Y.C. Campaign Fin. Bd., Index No. 159019/2022, 2023 N.Y. Misc. LEXIS 1753 (Sup. Ct. N.Y. Cnty. Apr. 14, 2023). The claims at issue in that case, although arising under New York tort law, concerned CFB's conduct during and after the 2021 election and in connection with Plaintiff's campaign. E.g., 2023 N.Y. Misc. LEXIS 1753, at *3-5 (describing allegations that CFB staff provided inaccurate advice to Plaintiff about limits on her own campaign contributions and that CFB violated her rights when it did not publish a written statement in CFB's Voter Guide on Plaintiff's behalf because her statement contained another candidate's name).

"Federal courts are required to 'give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so.'" Exxon Mobil Corp. v. Healy, 28 F.4th 383, 398 (2d Cir. 2022) (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). Under New York law, "principles of res judicata require that 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" Xiao Yang Chen v. Fischer, 843 N.E.2d 723, 725 (N.Y. 2005) (quoting O'Brien ex rel. O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981)). In other words, res judicata—or claim preclusion—bars claims previously asserted "'but also . . . claims that could have been raised in the prior litigation.'" Avilon Auto. Grp. v. Leontiev, 91 N.Y.S.3d 379, 384 (1st Dep't 2019) (quoting In re Estate of Hunter, 827 N.E.2d 269, 275 (N.Y. 2005)).

Plaintiff's claims here are precluded. Although her claims are constitutional in nature, rather than alleged torts, they arise "out of the same transaction or series of transactions," viz., Plaintiff's campaign and the 2021 election for Public Advocate, as the claims dismissed by the New York County Supreme Court on April 14, 2023. Accordingly, the Court should dismiss them here, too.

B.    **Failure to Adequately Plead Retaliation Claims.**

Plaintiff also asserts that CFB's post-election auditing process constitutes retaliation against her. However, Plaintiff has failed to adequately plead the existence of a policy, practice, or custom of retaliation such that she could establish municipal liability under Monell v. Department of Social Services, 436 U.S. 659 (1978), and its progeny. In any event, all campaigns are audited after an election, 52 R.C.N.Y. § 10-01(a) ("The Board shall conduct desk and field audits of participants and non-participants, regardless of whether the candidates receive public funds."), so Plaintiff cannot establish a causal connection between the auditing process and the filing of her judicial proceedings. Moreover, these retaliation claims are unripe. Plaintiff has only received a preliminary report of potential violations to which she has submitted a response. CFB has not yet rendered a final decision on whether any violations actually exist. CFB thus has not taken adverse action against Plaintiff.

I thank the Court for its consideration of this application.

                                              Respectfully yours,

                                              /s/ David S. Thayer

                                              David S. Thayer

cc:     *Via ECF*
        All counsel of record