# HOLWELL SHUSTER & GOLDBERG LLP

*Blair E. Kaminsky*
*(646) 837-5139*
*bkaminsky@hsgllp.com*

October 4, 2023

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge for the Southern District of New York
40 Foley Square, Room 619
New York, NY 10007

Re:  *Nampiaparampil v. N.Y.C. Campaign Fin. Bd., et al.*, No. 23-cv-6391

Dear Judge Ramos:

We represent Plaintiff in the above-captioned matter. We write in response to Defendants' pre-motion letter dated September 29, 2023 ("Def. Ltr."), ECF No. 17.

**Background**

Plaintiff Dr. Devi Nampiaparampil ran a campaign for New York City Public Advocate in the 2021 Citywide election. Defendants, the New York City Campaign Finance Board ("CFB") and its officers and employees, are charged with administering the City's campaign finance rules and purport to promote fairness and transparency in City elections. However, throughout her campaign to unseat the incumbent Public Advocate, Dr. Nampiaparampil was subjected to a series of speech and campaign restrictions that undermined both her campaign and her free speech rights.

This case seeks redress for Defendants' continued enforcement of these rules, regulations, and practices, which are unlawful on their face and manifested themselves in bizarre and unconstitutional ways, as detailed in Plaintiff's complaint ("Compl." (ECF No. 1)).[1] In short:

- *First*, the CFB's rules and written guidance unlawfully prevent candidates from "mention[ing] other candidates" in their "Voter Guide" submissions. This constitutes a content-based restriction in violation of the First Amendment.
- *Second*, Defendants prevented Dr. Nampiaparampil from referring to her opponent's wife as a "lobbyist" in the video version of the Voter Guide, in violation of the First Amendment.
- *Third*, Defendants compelled Dr. Nampiaparampil to state her race and gender in a press release for the 2021 Public Advocate debate, in violation of the First Amendment.
- *Fourth*, in connection with their administration of a "matching funds" public financing program, Defendants limited Dr. Nampiaparampil's personal campaign expenditures (both pre- and post-election) in further suppression of her freedom of speech.
- *Finally*, following Dr. Nampiaparampil's protected speech in filing a state court complaint challenging some of Defendants' conduct, Defendants have undertaken a vengeful

---

[1] Defendants suggest the CFB is not a suable entity, and therefore the City of New York (the "City") should be substituted in its place. Def. Ltr. at 1 n.1. Defendants are wrong. *See, e.g.*, *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 2016 WL 1258986, at *1 (S.D.N.Y. Mar. 28, 2016) ("The Board . . . is the appropriate defendant in this action."). In any event, even if Defendants were correct, the City could be substituted in. Plaintiff is evaluating Defendants' statements with respect to substitution of other defendants.

retaliation campaign against her in conducting a post-election audit of Dr. Nampiaparampil, in violation of the First Amendment.

**Neither Basis For Dismissal Would Be Appropriate At The Pleadings Stage**

***Claim Preclusion***.  Defendants incorrectly assert that Dr. Nampiaparampil's claims are precluded under the doctrine of *res judicata*.  This is plainly wrong.

*First*, where "plaintiffs alleged continuing misconduct by defendants . . . , *res judicata* is inapplicable."  *Perez v. Danbury Hosp.*, 347 F.3d 419, 426 (2d Cir. 2003).  That is true here based on undisputed facts.  The challenged rules and practices remain in effect.  And the challenges to these rules are (nearly uniformly) both facial and as-applied challenges, because, as the Complaint explains, Dr. Nampiaparampil would run again for office were it not for these unconstitutional restrictions—a new fact that arose after she filed her prior suit.  Compl. ¶ 105; *id.* ¶¶ 118, 128, 139, 146, 152.  This constitutes an ongoing injury, and therefore is not barred by *res judicata* under blackletter law.  *See, e.g.*, *Patane v. Nestle Waters N. Am., Inc.*, 314 F. Supp. 3d 375, 384 (D. Conn. 2018) ("Sensibly enough, *res judicata* does not apply if the wrong suffered by the plaintiff is of a recurrent or ongoing nature . . . .  This rule applies to a defendant's continuing course of conduct, even if related to conduct complained of in an earlier action.") (internal citations and quotations omitted); *Davis v. Halpern*, 813 F.2d 37, 40 (2d Cir. 1987) (same).  Courts have also declined to apply *res judicata* where the second action asserts claims that a statute violates the U.S. Constitution.  *See Whole Woman's Health v. Hellerstedt*, 579 U.S. 582 (2016) (rejecting preclusion argument premised on "treating every statutory enactment as a single transaction which a given party would only be able to challenge one time . . . in order to avoid . . . claim preclusion").

*Second*, *res judicata* does not apply because the present action seeks different relief than the prior action.  "[U]nder New York law, the form of relief being sought is an element of the litigant's claim."  *Leather v. Eyck*, 180 F.3d 420, 425 (2d Cir. 1999) (declining to apply *res judicata* to federal Section 1983 claim).  The constitutional challenges that Dr. Nampiaparampil brings here nearly uniformly seek equitable relief, not compensatory relief.  The prior action sought only compensatory relief.  *Leather* therefore controls.

*Finally*, even if *res judicata* were applicable to Dr. Nampiaparampil's claims, the Court should not bar her claims because it would be "fundamentally unfair" to do so.  *See, e.g.*, *UBS Sec. LLC v. Highland Cap. Mgmt., L.P.*, 927 N.Y.S.2d 59, 65 (1st Dep't 2011) (despite concluding that *res judicata* applies, noting that the court "must still address [the plaintiff's] assertion that it would be fundamentally unfair to apply res judicata under the circumstances of this case").  Dr. Nampiaparampil did not retain counsel in connection with her state court action because the CFB led her to believe that such retention would violate campaign finance rules.  As a result, she did not have a "full and fair opportunity" to litigate the case.  *See Minnich v. Gargano*, 2001 WL 1111513, at *6 (S.D.N.Y. Sept. 20, 2001).

***Post-Election Retaliation Claim***.  Defendants appear to acknowledge that Dr. Nampiaparampil's retaliation claims are not subject to *res judicata* because those claims are based on conduct that post-dated her prior state court action.  Instead, Defendants suggest three reasons the retaliation claims should be dismissed, none of which has merit.

**HOLWELL SHUSTER & GOLDBERG** LLP

*First*, Defendants incorrectly assert that "Plaintiff has failed to adequately plead the existence of a policy, practice, or custom of retaliation such that she could establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 659 (1978), and its progeny." Def. Ltr. at 3.  Defendants' assertion is based on an outdated view of the law.  "[W]hen a municipality 'chooses a course of action tailored to a particular situation,' this may also 'represent an act of official government 'policy.''" *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004)).  Thus, "even a single action by a decisionmaker who 'possesses final authority to establish municipal policy with respect to the action ordered'" may deprive the plaintiff of his or her constitutional rights.  *Amnesty Am.*, 361 F.3d at 126 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)).  That is precisely what is alleged here:  Defendants undertook a "course of action" (harassing and uncommon audits) to retaliate against Plaintiff for suing defendants.[2]

*Second*, Defendants claim that, "[i]n any event, all campaigns are audited after an election," meaning Dr. Nampiaparampil "cannot establish a causal connection between the auditing process and the filing of her judicial proceedings."  Def. Ltr. at 3.  Defendants' contention is inaccurate.  There is reason to believe that Defendants do not in fact conduct audits of all campaigns after elections, and otherwise vary in their auditing practices, including the degree of scrutiny, as to certain candidates versus others.  *See* Compl. ¶ 97.  Discovery is needed on this point.[3]

*Finally*, Defendants incorrectly contend that Dr. Nampiaparampil's retaliation claims are unripe because she has only received a preliminary report of potential violations rather than a final decision.  That does not negate the harms that Dr. Nampiaparampil has already suffered, which include spending hundreds of hours responding to the audits.  *See* Compl. ¶¶ 95-96.

For these reasons, leave to file a motion to dismiss should be denied.  Instead, Defendants should file an Answer, and the parties could proceed to Rule 12(c) cross-motions for judgment on the pleadings on those counts that can be decided as a matter of law without discovery.  This would allow Defendants to raise all bases for dismissal, while also permitting Plaintiff to seek judgment on those constitutional counts that can be decided as a matter of law.  Plaintiff is happy to explore this route further at any pre-motion conference or in a meet-and-confer.

Respectfully submitted,

/s/ *Blair E. Kaminsky*
Blair E. Kaminsky

---

[2] In the event the Court believes that Plaintiff has not adequately pled municipal liability, Plaintiff could amend her complaint accordingly.

[3] On September 19, 2023, the parties agreed to hold a meet-and-confer on October 4 (today), under Fed. R. Civ. P. 26(f), which would allow the parties to commence discovery, including by service of written discovery requests.  One hour before this meet-and-confer, counsel for Defendants notified undersigned counsel that it would not participate in the conference because it planned to move to stay discovery.  This refusal to participate in the discovery conference is patently improper, as it is well-established that "[a] motion to dismiss does not automatically stay discovery."  *Bertrand v. Dep't of Educ., Archdiocese of N.Y.*, 2023 WL 2776015, at *2 (S.D.N.Y. Apr. 4, 2023).  This last-minute cancellation of the conference is highly prejudicial, and Plaintiff reserves all rights in this respect.  *See* Fed. R. Civ. P. 37(f).