# HOLWELL SHUSTER & GOLDBERG LLP

*Blair E. Kaminsky*
*(646) 837-5139*
*bkaminsky@hsgllp.com*

November 1, 2023

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge for the Southern District of New York
40 Foley Square, Room 619
New York, NY 10007

Re:  <u>*Nampiaparampil v. N.Y.C. Campaign Fin. Bd., et al.*</u>, No. 23-cv-6391

Dear Judge Ramos:

We write on behalf of Plaintiff in response to Defendants' letter, dated October 25, 2023 ("Defs.' Ltr."), ECF No. 20, seeking a stay of discovery.  As explained below, Defendants present no persuasive basis for a discovery stay pending the Court's ruling on their Rule 12(b)(6) motion to dismiss.

It is well-established that discovery should not be stayed simply because a motion to dismiss has been filed.  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see also Barnes v. Smith*, 2013 WL 357593, at *1 (S.D.N.Y. Jan. 17, 2013 (denying stay because, "[o]ther than the pending motion to dismiss, Defendants have provided no other justification for a stay in this case").  Rather, Defendants bear the burden of showing that "good cause" warrants a stay.  *Hong Leong*, 297 F.R.D. at 72; *Nam v. Permanent Mission of Rep. of Korea to U.N.*, 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022).  In assessing whether good cause exists, courts consider three factors: (1) the breadth of discovery sought; (2) any prejudice that would result; and (3) the strength of the motion.  *Hong Leong*, 297 F.R.D. at 72.

Courts have stressed a high bar for the "strength of the motion" factor.  In order to warrant a stay of discovery, a pending motion to dismiss must "have substantial grounds." *Id*.  Substantial grounds exist only if the motion for a stay is supported by "substantial arguments for dismissal," or, put differently, Defendants make a "strong showing that the plaintiff's claim is unmeritorious." *Id.* (collecting cases).

Defendants cannot meet their burden.  In their October 25 letter, Defendants fail to explain why either of the first two factors—breadth of discovery or any resulting prejudice—warrants a stay.[1]  Instead, they focus on the "strength of the motion" factor and argue that a stay is warranted because their motion to dismiss may be dispositive of Plaintiff's claims.  (Defs.' Ltr. at 2.) However, Defendants fall far short of making a "strong showing" that Plaintiff's claims are unmeritorious.

---

[1] Defendants' letter makes no argument as to the breadth of discovery factor, waiving that issue.  The letter makes a passing, cursory reference to prejudice, asserting that "Plaintiff will not be prejudiced by a stay of discovery here" because the motion to dismiss might help focus discovery.  (Defs.' Ltr. at 2.)  As explained *infra*, Plaintiff would in fact be prejudiced by a stay of discovery.

As an initial matter, Defendants have represented that their motion to dismiss will not challenge the actual merits of most of Plaintiff's constitutional claims. As to every claim other than Plaintiff's post-election retaliation claims, Defendants intend to seek dismissal only on *res judicata* grounds.[2]

Defendants' *res judicata* arguments will not succeed. Defendants contend that Plaintiff's claims are precluded by a prior action she filed in New York County Supreme Court. In making that argument, Defendants simply rehash the same points they raised in their September 29, 2023, pre-motion letter, ECF No. 17. However, as explained in Plaintiff's October 4, 2023 letter response to Defendants' pre-motion letter ("Pl. Ltr."), ECF No. 18, claim preclusion does not apply to any of Plaintiff's claims. Defendants have not responded to any of the points or authorities in Plaintiff's October 4 letter.

*First*, claim preclusion does not apply where the plaintiff alleges continuing misconduct, which is the case here: the disputed rules and policies remain in effect, and Plaintiff would run for office again but for these rules and policies. (Pl. Ltr. at 2.) In fact, the Supreme Court has held that a second action asserting that a statute violates the U.S. Constitution is not barred under *res judicata*. *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305-07 (2016). Defendants make no mention of any of this authority. *Second*, claim preclusion does not apply because Plaintiff seeks primarily different relief in this action than she did in the prior action. (Pl. Ltr. at 2.) Defendants make no mention of this authority. *Finally*, the Court should not bar Plaintiff's claims because it would be "fundamentally unfair" to do so given that Plaintiff believed, based on the CFB's representations, that obtaining legal representation after the campaign's funds were depleted would violate the CFB's campaign finance rules. (*Id.*; *see also* Compl. ¶¶ 95, 101.) Again, Defendants make no mention of this point.

As to Plaintiff's retaliation claims, Defendants likewise reiterate the same arguments raised in their September 29 pre-motion letter and fail to address any of the counterpoints raised in Plaintiff's October 4 response.[3] *First*, Defendants claim that Plaintiff has failed to plead a policy of retaliation giving rise to municipal liability under *Monell* and its progeny. (Defs.' Ltr. at 2.) But Defendants do not address Plaintiff's response that Defendants' argument is based on an outdated view of the law, and that "even a single action by a decisionmaker who 'possesses final authority to establish municipal policy with respect to the action ordered'" may deprive the plaintiff of his or her constitutional rights. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986)). *Second*, Defendants reiterate their factual contentions that all campaigns are in fact audited and the CFB does not conduct retaliatory audits. This argument has no place at the motion to dismiss stage, which looks at Plaintiff's well-pled allegations and their sufficiency as a legal matter. To the

---

[2] Defendants have indicated, in their two letters to the Court as well as during the October 18, 2023 pre-motion conference, that their motion to dismiss will challenge the non-retaliation claims only on *res judicata* grounds. *See* Oct. 18, 2023 Tr. 12:10-22.

[3] Defendants puzzlingly assert that, even if the Court "agrees with respect to [Defendants'] claim preclusion arguments only[,] then Defendants' motion will be fully dispositive of this action." (Defs.' Ltr. at 2.) This is not so. The retaliation claims concern conduct that post-dated Plaintiff's prior state court action and Defendants have not suggested that any claim preclusion arguments apply to those claims.

extent the CFB disputes Plaintiff's factual allegations, that dispute must be resolved through discovery, summary judgment, and trial—not a motion to dismiss.

Finally, neither of the other two factors relevant to a discovery stay—breadth of discovery or any potential prejudice—warrants a stay in this case. As to breadth of discovery, Defendants have made no argument and thus waived the issue. As to prejudice, Plaintiff is considering another campaign for City office. Compl. ¶¶ 105, 118, 128, 139, 146, 152. The expeditious resolution of Plaintiff's claims so that the CFB conforms its rules and policies with basic First Amendment requirements is an important precursor to any such campaign, which would need to kick off promptly in preparation for a 2025 election.[4] Plaintiff would similarly be prejudiced in relation to her retaliation claims. Plaintiff remains subject to audit and financial disclosure deadlines in connection with her 2021 campaign. Any delay in discovery, in turn, prolongs the disruptions to Plaintiff's personal and professional life arising from the audit.[5]

For these reasons, the Court should deny Defendants' request.

Respectfully submitted,

/s/ *Blair E. Kaminsky*
Blair E. Kaminsky

---

[4] In fact, many candidates—including incumbent Public Advocate Jumaane Williams—have already registered for the 2025 City election. *See Candidate List, 2025 Citywide Elections*, New York City Campaign Finance Board, available at https://nyccfb.info/follow-the-money/candidates/2025.

[5] The time Plaintiff must spend responding to frivolous audit issues is time that she cannot spend attending to her patients or caring for her family, including her young children and her mother, who served as the campaign's original Treasurer until she became gravely ill.