No. 23 Civ. 6391 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVI NAMPIAPARAMPIL,

*Plaintiff*,

- against -

THE NEW YORK CITY CAMPAIGN FINANCE BOARD, *et al.*,

*Defendants*.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel: (212) 356-2649
Matter No. 2023-068892

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ III

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY ............................... 2

ARGUMENT ....................................................................................................................... 7

LEGAL STANDARD ........................................................................................................... 7

   POINT I ................................................................................................................. 8

     THIS ACTION IS CLAIM-PRECLUDED BY
     PLAINTIFF'S PRIOR ACTION IN NEW YORK
     COUNTY SUPREME COURT. ................................................................. 8

   POINT II ............................................................................................................... 11

     PLAINTIFF'S § 1983 CLAIMS OF
     RETALIATION FAIL AS A MATTER OF LAW. .................................... 11

   POINT III .............................................................................................................. 13

     THE BOARD LACKS THE CAPACITY TO BE
     SUED. ........................................................................................................ 13

CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86 (2d Cir. 2020) .......................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 7, 8

*Avilon Auto. Grp. v. Leontiev*, 91 N.Y.S.3d 379 (App. Div. 1st Dep't 2019) ................................ 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 7, 8

*Brandon v. Holt*, 469 U.S. 464 (1985) ............................................................................................ 9

*Cuellar v. Love*, No. 11 Civ. 3632 (NSR), 2014 U.S. Dist. LEXIS 51622, 2014 WL 1486458
    (S.D.N.Y. Apr. 11, 2014) ........................................................................................................ 11

*DeCarlo v. Fry*, 141 F.3d 56 (2d Cir. 1998) ................................................................................ 11

*In re Estate of Hunter*, 4 N.Y.3d 260 (2005) ................................................................................. 9

*In re People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105 (2008) .............................. 9

*Kentucky v. Graham*, 473 U.S. 159 (1985) .................................................................................... 9

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) ................................................ 8

*Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ..................................................... 2, 11

*Moray v. City of Yonkers*, 924 F. Supp. 8 (S.D.N.Y. 1996) ........................................................ 11

*Nnebe v. Daus*, 644 F.3d 147 (2d Cir. 2011) ............................................................................... 13

*O'Brien v. City of Syracuse*, 54 N.Y.2d 353 (1981) ...................................................................... 9

*Ortiz v. City of New York*, 19 Civ. 7887 (ER), 2021 U.S. Dist. LEXIS 130333 (S.D.N.Y. July 13,
    2021) ....................................................................................................................................... 11

*Sarus v. Rotundo*, 831 F.2d 397 (2d Cir. 1987) ........................................................................... 11

*Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008) ...................................................................... 8

*Simmons v. Trans Express Inc.*, 955 F.3d 325 (2d Cir. 2020) ....................................................... 8

*Torres v. City of New York*, 19 Civ. 6332 (ER), 2023 U.S. Dist. LEXIS 8079 (S.D.N.Y. Jan. 17, 2023) ............................................................................................................................. 11, 12

*Walker v. City of New York*, 20-CV-5240 (PKC)(LB), 2021 U.S. Dist. LEXIS 87548 (S.D.N.Y. May 7, 2021) ................................................................................................................. 13

*Windward Bora LLC v. Thomas*, 20-CV-5320 (DG)(MMH), 2022 U.S. Dist. LEXIS 179526 (E.D.N.Y. Sept. 30, 2022) .................................................................................................. 13

*Witharana v. N.Y.C. Taxi Limousine Comm'n*, 13-CV-4338 (ENV)(MDG), 2013 U.S. Dist. LEXIS 132774 (E.D.N.Y. Sept. 11, 2013) ...................................................................... 13

*Xiao Yang Chen v. Fisher*, 6 N.Y.3d 94 (2005) .................................................................. 9

**Statutes**

28 U.S.C. § 1738 .................................................................................................................... 8

42 U.S.C. § 1983 ......................................................................................................... 1, 11, 13

N.Y.C., N.Y., Admin. Code § 3-709.5 ................................................................................ 2

N.Y.C., N.Y., Charter § 1053 ............................................................................................... 2

N.Y.C., N.Y., Charter § 396 ............................................................................................... 13

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................. 7

**Regulations**

52 R.C.N.Y. § 10-01 .......................................................................................................... 12

**PRELIMINARY STATEMENT**

Plaintiff Devi Nampiaparampil brings this action under 42 U.S.C. § 1983 and New York law, alleging that the Defendants New York City Campaign Finance Board, David Duhalde, Hannah Egerton, Amy Loprest, Bethany Perskie, Frederick Schaffer, Matthew Sollars, and Jaclyn Williams (collectively, the "Board" or "Defendants") infringed her rights under the U.S. and N.Y. Constitutions before, during, and after the 2021 election for the citywide office of Public Advocate, for which Plaintiff was the Republican Party's candidate. Specifically, Plaintiff, in both as-applied and facial challenges, contends that certain Board rules concerning the contents of a print and video voter guide disseminated to the public by the Board but containing statements authored by candidates are unconstitutional. She also asserts that she was unconstitutionally compelled to speech when she was asked to disclose information for the purpose of a press release in advance of a debate. Additionally, Plaintiff argues that certain campaign contribution caps set by the Board for candidates who participate in the Board's public campaign financing programs are unconstitutional. And lastly, she contends that a post-election audit of her campaign constitutes unconstitutional retaliation.

Plaintiff, however, has already commenced and lost a case—on the merits—in New York County Supreme Court that arose from the same series of transactions underlying this action. Claim preclusion prohibits her from bringing yet another case. The New York County Supreme Court case was dismissed for failure to state a cause of action, and a comparison of the complaints in this action and in that action reveal that they both set out allegations about the Board's handling of Plaintiff's candidate submission for the voter guide; they both make allegations concerning the Board's conduct vis-à-vis her participation in the debate; they both address discussions between the Board and Plaintiff about the limits on her campaign contributions; and both cases contain accusations of retaliatory audits. The ineluctable

1

conclusion, therefore, is that this action should be dismissed as precluded. Even if it were not, Plaintiff has failed to plead the existence of a policy or custom of the Board to retaliate against candidates who commence legal action against it, undermining any would-be *Monell* claim of retaliation. And lastly, the Board itself lacks the capacity to be sued.

Defendants therefore respectfully request an order dismissing this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY

Plaintiff ran as the Republican candidate for the citywide office of the Public Advocate in the 2021 election. (Compl. ¶ 2.) During that time, Plaintiff was a participant in a Board program that allows eligible candidates to receive, from the City of New York, matching funds at a predetermined ratio for their campaign. (*See* Compl. ¶¶ 37, 39.) In exchange for their participation in this program, and the potential for receipt of public funds, candidates like Plaintiff must "agree to comply with, and demonstrate continued compliance with," the relevant rules of the Board. (Compl. ¶ 39.) Relatedly, the Board also permits candidates to submit campaign statements for inclusion in a voter guide, both in print and in an electronic video statement, for dissemination by the Board to the voting public. (Compl. ¶ 31); *see also* N.Y.C., N.Y., Charter § 1053 (setting forth obligations for the Board to disseminate voter guide).[1] The Board also regularly coordinates debates between candidates. (*See* Compl. ¶¶ 75-83); *see also* N.Y.C., N.Y., Admin. Code § 3-709.5 (setting forth requirements for mandatory debates).

In advance of the 2021 election, Plaintiff attended a training administered by the Board at which certain representations were allegedly made to her about the substance of the

---

[1] Copies of the Charter, Administrative Code, and Rules of the City of New York are available through American Legal Publishing at https://codelibrary.amlegal.com/codes/newyorkcity/latest/overview.

Board's rules. (*E.g.*, Compl. ¶ 54.) In particular, Plaintiff alleges that she was told that, as a candidate participating in the public funding program, she herself was subject to a cap on the amount of funds that she could contribute to her own campaign. (*See* Compl. ¶¶ 54, 67.) For the 2021 election of Public Advocate, this capped amount was $6,000.00. (*Id.* ¶ 67.) Furthermore, Plaintiff alleges that she was told that she was not allowed to pay a third-party service provider herself to provide services to her campaign, as this itself would be considered an in-kind contribution subject to the contribution cap. (*Id.* ¶ 54.)

Later in 2021, Plaintiff submitted a draft statement for inclusion in the in-print and video Voter Guide distributed by the Board. (Compl. ¶ 56.) The Board responded to Plaintiff and informed her that, under the Board's rules, she was not permitted to use the name of the incumbent Public Advocate in her Voter Guide submissions. (*Id.*) Plaintiff purportedly submitted a revised statement for inclusion in the print Voter Guide, but she alleges that this statement was not received by the Board. (*Id.* ¶ 57.) As such, the Board's Voter Guide was published without a statement from Plaintiff, and instead the Voter Guide stated that Plaintiff had not timely submitted a complete statement for inclusion in the print Voter Guide. (*See id.* ¶ 60.) In October 2021, Plaintiff sought a temporary restraining order in the Supreme Court of the State of New York, County of New York, through what was eventually converted into an Article 78 proceeding, enjoining the publication of the Voter Guide without a statement from Plaintiff. (*Id.* ¶¶ 80-81; *see also* Thayer Decl., Ex. E (containing transcript of hearing at which the proceeding was converted into an Article 78 proceeding).) According to Plaintiff, this was ultimately dismissed as moot, as the print Voter Guide had already been disseminated. (Compl. ¶ 82; *see also* Thayer Decl., Ex. E, at 30:22-33:19.)

As for the video Voter Guide, Plaintiff did appropriately remove the reference to the name of the incumbent Public Advocate in her script, but Plaintiff had also referred to the incumbent's wife as a lobbyist in her script for the video. (Compl. ¶ 70.) The Board indicated to Plaintiff that this was potentially defamatory and was therefore improper. (*See id.* ¶ 71.) As such, Plaintiff removed the reference to the incumbent Public Advocate's wife as a lobbyist from her video Voter Guide script. (*Id.* ¶¶ 72-73.)

In October of 2021, the Board hosted a debate between the candidates for the office of Public Advocate in which Plaintiff participated. (*See* Compl. ¶¶ 75-77.) The Board allegedly intended to circulate a press release in advance of this debate that described the candidates by appearance for blind or visually impaired voters. (*Id.* ¶ 77.) Plaintiff purportedly did not want to provide this information because she felt it was inconsistent with her campaign platform, but after a follow-up request for this information from Board staff, Plaintiff claims she "was forced to provide a description" of her height, heritage, gender, age, and hair/eye color. (*Id.* ¶ 78.)

The 2021 election was held on November 2, 2021, and Plaintiff did not receive enough votes to win the citywide office of Public Advocate. (*See* Compl. ¶ 84.) Plaintiff alleges that, on the day after the election, staff from the Board reminded her of the campaign contribution limits applicable to her, reiterating that they applied even after the election. (*See id.* ¶¶ 86-87.)

Plaintiff claims that she "exited the election" without any "flagged campaign finance obligations and zero penalties." (Compl. ¶ 88.) Yet she alleges that the Board subsequently has engaged in a retaliatory post-election audit of her campaign, purportedly as recompense for a proceeding in New York County Supreme Court that she claims to have

4

commenced against the Board.[2] (Compl. ¶ 89.) Plaintiff alleges that the timing of a letter identifying a number of purported campaign finance violations came shortly after she claims to have commenced this new proceeding in State court. (Compl. ¶¶ 92-93.) She claims that she was treated differently than other similarly situated candidates. (*Id.* ¶ 97.)

In October 2022, Plaintiff commenced yet another proceeding in New York County Supreme Court, in which she asserted causes of action including negligence, actual malice, libel, disparagement of a commercial entity, negligent entrustment, agency, breach of contract, and negligent hiring/retention. (Thayer Decl., Ex. G, at pp. G002-G003 ¶¶ 4-5.) In this plenary action, Plaintiff contended, *inter alia*, that the Board incorrectly trained her about the aforementioned campaign contribution caps, (*see id.* at pp. G0003-G0004 ¶¶ 10-14), failed to "maintain an effective web portal for submissions and then demanded that Dr. Nampiaparampil use the web portal as the sole method of submission for the voter guide candidate submission," (*id.* at p. G011 ¶ 30(*ll*)), failed to include her candidate submission in the print Voter Guide and noted that she had not timely submitted such a statement for inclusion, (*see id.* ¶¶ 30(rr)-(ss); *see also id.* at p. G013 ¶¶ 30(ddd)-(hhh) (noting, in part, that the Board returned a candidate statement on the grounds that she referred to another candidate by name)), and failed to include Plaintiff's name in a pre-debate press release, among other things (*id.* at p. G009 ¶¶ 30(x)-(z)).

On or about November 15, 2022, the Board moved to dismiss in this State-court action. (Thayer Decl., Ex. I (containing the Board's initial moving papers).) The basis for the Board's motion was, *inter alia*, that Plaintiff had failed to meet a condition precedent to suit, *i.e.*,

---

[2] Plaintiff did not actually commence a new proceeding in State court in August 2022. Instead, so far as can be discerned, she filed a second proposed order to show cause in the Article 78 proceeding, which had been before Justice Hagler ine New York County Supreme Court. Justice Hagler, however, declined to endorse Plaintiff's proposed order to show cause. (Thayer Decl., Ex. F.)

had failed to file a notice of claim, and that her Complaint otherwise failed to state a cause of action. (*See generally id.* at pp. I010-I032 (containing accompanying memorandum of law).) On December 9, 2022, Plaintiff cross-moved in response to the Board's motion to dismiss, in which Plaintiff sought leave to file a late notice of claim. (*See generally* Thayer Decl., Ex. J.) Plaintiff also opposed the Board's motion in an affidavit amplifying her Complaint and in which she highlighted the discussions between her and Board staff about her inclusion of a candidate's name in her print Voter Guide statement, (*e.g., id.*, Ex J, at p. J040 ¶¶ 10-11), and noted that she believed the Board's restrictions on this topic implicated First Amendment issues, (*id.* at p. J041 ¶ 14). She also again raised issues relating to a CFB debate, (*see id.* at pp. J053-J059). Moreover, Plaintiff also claimed that, after the election, the Board and the New York City Department of Sanitation claimed that Plaintiff had made eleven campaign finance violations, (*id.* at p. J062 ¶ 6), and Plaintiff also claimed that the Board initiated a meritless "governmental investigation" into her in the form of a draft audit report, (*id.* at p. J063 ¶ 18).

The Board replied on its motion to dismiss and opposed Plaintiff's cross motion for leave to file a later notice of claim on December 14, 2022. (Thayer Decl., Ex. K.) Plaintiff then filed an affirmation, seemingly on reply with respect to her cross motion but also continuing to engage with the substance of the Board's motion to dismiss. In this affidavit, Plaintiff again raised issues with the post-election audits, going so far as to argue that the timing suggested "the entire process is retaliatory in nature." (Thayer Decl., Ex. L, at p. L005 ¶ 5.)

On April 14, 2022, New York County Supreme Court (Ramseur, J.) issued a Decision and Order dismissing the Complaint pursuant to N.Y. C.P.L.R. § 3211(a)(7). In her Decision, Justice Ramseur held that Plaintiff had not timely filed a notice of claim and denied Plaintiff's cross motion for leave to file a late notice on the grounds that the statute of limitations

had expired. (Thayer Decl., Ex. M, at pp. M003-M004.) The Court, however, went beyond the notice of claim issue and considered Plaintiff's causes of action on the merits as well. The Court found that the Board did not have a special duty to Plaintiff in its provision of training sessions and, moreover, that Plaintiff did not have an implied private right of action against the Board for any would-be breach of that duty. (*Id.* at pp. M004-M006) This was fatal to any causes of action against the Board arising in negligence. (*Id.* at p. M006). As for Plaintiff's claim of libel with respect to the Board's statement that she had not timely submitted a statement for inclusion in the print Voter Guide, the Court held that she had not sufficiently pleaded that the Board's statement was false—or that the statement was made with actual malice. (*Id.* at p. M008.)

## ARGUMENT

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "[f]actual allegations" that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Sufficient facts must be provided to "state a claim to relief that is plausible on its face[,]" *id.* at 570, which only occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint is deficient if it does not contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the alleged violation. *Twombly*, 550 U.S. at 556. Though courts must accept as true all of the factual allegations contained in a complaint when evaluating a motion to dismiss under of Rule 12, *Iqbal*, 556 U.S. at 678, this requirement is "inapplicable to legal conclusions"—a court should not give credence to "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008).

### POINT I

### THIS ACTION IS CLAIM-PRECLUDED BY PLAINTIFF'S PRIOR ACTION IN NEW YORK COUNTY SUPREME COURT.

By having already brought at least one action in New York County Supreme Court concerning the events underlying this action, and having lost on the merits, Plaintiff is precluded from bringing her claims in the instant action. "The records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. As such, it is well-settled law that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Simmons v. Trans Express Inc.*, 955 F.3d 325, 328 (2d Cir. 2020). Because the underlying decision that Defendants contend claim-precludes this action was rendered by a New York court, the applicable preclusion law is that of New York. *See Simmons*, 955 F.3d at 328.

Under New York law, claim preclusion, or res judicata, "'bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who

8

was[.]'"[3] *Avilon Auto. Grp. v. Leontiev*, 91 N.Y.S.3d 379, 384 (App. Div. 1st Dep't 2019) (quoting *In re People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). It extends "'not only to claims actually litigated but also to claims that could have been raised in the prior litigation.'" *Avilon Auto Grp.*, 91 N.Y.S.3d at 384 (quoting *In re Estate of Hunter*, 4 N.Y.3d 260, 269 (2005)); *see also Xiao Yang Chen v. Fisher*, 6 N.Y.3d 94, 100 (2005) (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)) (noting that res judicata operates to bar claims in a successive case even where based on different theories of liability or seeking a different remedy).

Plaintiff's prior action clearly arose out of the same transaction or series of transactions at issue in this case. Her State-court complaint specifically highlighted the purportedly negligent representations of the Board to her regarding her campaign contribution limits, (Thayer Decl., Ex. J, at pp. p. J040-J041 ¶¶ 10-14), as well as assailed the interactions between herself and Board staff regarding her voter guide statements and her entitlement to a debate, (Thayer Decl., Ex. G, at p. G009 ¶ 30(y); Thayer Decl., Ex. J, at p. J024). Indeed, these interactions with Board staff served as the factual basis for Plaintiff's primary causes of action in her State-court action, namely, that the Board had negligently instructed her about campaign contribution limits at its training sessions and that the Board had libeled her in stating that Plaintiff had not timely submitted a statement for inclusion in the print Voter Guide. (Thayer Decl., Ex. J, at pp. J044-J045 ¶¶ 1-15.)

---

[3] It is indisputable that the individual Defendants in this action were in privity with the Board at the time of Plaintiff's earlier State court case, as they were all serving as Board employees at the time of events described in the Complaint. In any event, they are sued only in their official capacities, meaning the claims against them are, "in all respects other than name, to be treated as a suit against the [Board]." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). And clearly, the Board is in privity with itself.

9

These are the same series of transactions underlying Plaintiff's claims in this action. Indeed, Plaintiff contends that the campaign contribution caps on which she was trained by the Board unlawfully infringe her rights, (Compl. ¶¶ 53-54, 67, 141-54, 181-192), that the Board unlawfully placed restrictions on her print and video Voter Guide candidate statements, (*id.* ¶¶ 55-74, 106-34, 163-74), and that a press release preceding the Public Advocate debate unlawfully compelled her to speak against her wishes, (*id.* ¶¶ 75-79, 135-40, 175-80). As noted above, Plaintiff previously made claims arising from her interactions with the Board concerning the campaign contribution caps, the print and video Voter Guide, and the Public Advocate debate. Moreover, although Plaintiff's State-court complaint did not initially raise her post-election auditing, in briefing the Board's motion to dismiss in Supreme Court, Plaintiff amplified her Complaint by introducing allegations concerning the post-election audit, thus bringing that into her State-court case as well. (Thayer Decl., Ex. L, at p. L005 ¶ 5 (arguing that the timing of the Board's audit of the Plaintiff "suggest[s] the entire process is retaliatory in nature").) Indeed, Justice Ramseur's Decision explicitly notes that Plaintiff's submissions in which this material was discussed were part of the motion record, (Thayer Decl., Ex. M, at p. M001 (listing filings within the motion record)), and in any event, they also arise out of the series of transactions before, during, and after the election. (*E.g.*, Thayer Decl., Ex. G, at p. G008 ¶ 30(m) (alleging that the Board made accusations of campaign finance violations relating to campaign contributions).)

Because Plaintiff has again asserted claims arising out of the same events as her prior State-court action, her claims in this action are precluded and should be dismissed.

10

## POINT II

### PLAINTIFF'S § 1983 CLAIMS OF RETALIATION FAIL AS A MATTER OF LAW.

A *Monell* claim, or a claim under 42 U.S.C. § 1983 against a municipal entity or its employees in their official capacity, must be pleaded adequately for it to withstand a motion to dismiss. "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). To sufficiently plead the existence of a policy or custom, Plaintiff must "allege the existence of" one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Ortiz v. City of New York*, 19 Civ. 7887 (ER), 2021 U.S. Dist. LEXIS 130333, at *6-7 (S.D.N.Y. July 13, 2021) (quoting *Cuellar v. Love*, No. 11 Civ. 3632 (NSR), 2014 U.S. Dist. LEXIS 51622, 2014 WL 1486458, at *10 (S.D.N.Y. Apr. 11, 2014) (quoting *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996))). Moreover, "case law is clear that 'a single incident of errant behavior is an insufficient basis for finding that a municipal policy caused plaintiff's injury.'" *Torres v. City of New York*, 19 Civ. 6332 (ER), 2023 U.S. Dist. LEXIS 8079, at *13-14 (S.D.N.Y. Jan. 17, 2023) (quoting *Sarus v. Rotundo*, 831 F.2d 397, 402-03 (2d Cir. 1987)); *see also DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998).

Plaintiff fails to satisfactorily allege the existence of a Board policy or custom to conduct retaliatory audits against candidates, including Plaintiff, that commence judicial proceedings against the Board. To the contrary, the Board is required to perform audits of *all* candidates in elections for City offices. 52 R.C.N.Y. § 10-01(a) ("The Board shall conduct desk and field audits of participants and non-participants [in the Board's public financing program], regardless of whether the candidates receive public funds."). Plaintiff thus fails to plead the existence of a standing policy of retaliation on the part of the Board. (This statutory obligation on the Board also prevents any reasonable inference that Plaintiff's prior State-court proceedings against the Board were causally connected to the Board's audit of Plaintiff's campaign, separately condemning her retaliation claims under both federal and State law.)

Plaintiff also fails to allege that any person with policymaking authority made a decision to conduct a retaliatory audit of her campaign. In fact, Plaintiff's allegations concerning the post-election auditing, in paragraphs 89 to 97 of the Complaint, do not identify any person with policymaking authority who caused Plaintiff to be audited, instead relying on conclusory allegations of retaliatory intent (again, in the implementation of the Board's statutorily mandated responsibilities). Without the allegation of a policymaking official who made such a decision, the single auditing of Plaintiff only is not enough to establish the existence of a Board policy of retaliatory audits in response to lawsuits. *See Torres*, 2023 U.S. Dist. LEXIS 8079, at *13-14. Furthermore, Plaintiff alleges, in conclusory fashion "upon information and belief" but without any statement as to the basis for her information and belief, that she is being treated differently from other candidates. (Compl. ¶ 97.) Yet this allegation actually undermines her claim that a policy of retaliation exists. In other words, if she, and not others, is the sole person subject to a

retaliatory audit, then her allegations cannot sustain a reasonable inference that the Board has a *policy* of such retaliatory audits. Her retaliation claim under 42 U.S.C. § 1983 must therefore fail.

## POINT III

### THE BOARD LACKS THE CAPACITY TO BE SUED.

Plaintiff purports to sue the Board in its own right. However, the Charter of the City of New York provides that "[a]ll actions shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C., N.Y., Charter § 396. The Board is an agency of the City of New York, albeit an agency with independence, much like the Environmental Control Board, the Civilian Complaint Review Board, and the Taxi and Limousine Commission. However, just as none of these agencies may be sued in their own right, *Windward Bora LLC v. Thomas*, 20-CV-5320 (DG)(MMH), 2022 U.S. Dist. LEXIS 179526, at *10 (E.D.N.Y. Sept. 30, 2022) (construing claims against ECB to be against the City of New York); *Walker v. City of New York*, 20-CV-5240 (PKC)(LB), 2021 U.S. Dist. LEXIS 87548, at *39 (S.D.N.Y. May 7, 2021) (holding that amendment of complaint to include CCRB and other agencies improper because they were not suable); *Witharana v. N.Y.C. Taxi Limousine Comm'n*, 13-CV-4338 (ENV)(MDG), 2013 U.S. Dist. LEXIS 132774, at *4-5 (E.D.N.Y. Sept. 11, 2013) (dismissing claims against TLC based on non-suable status) (citing *Nnebe v. Daus*, 644 F.3d 147, 158 n.7 (2d Cir. 2011)), so too the Board lacks the capacity to be sued. As such, the claims against it should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to dismiss, and dismiss the Complaint and the claims therein in their entirety, award

judgment in Defendants' favor, and grant to Defendants such other and further relief that the Court may deem just and proper.

Dated:     November 10, 2023
           New York, New York

                                         **HON. SYLVIA O. HINDS-RADIX**
                                         *Corporation Counsel of the City of New York*
                                         Attorney for the Defendants
                                         100 Church Street
                                         New York, NY 10007
                                         t: (212) 356-2649
                                         f: (212) 356-1148
                                         e: dthayer@law.nyc.gov

By:     */s/ David S. Thayer*
        **DAVID S. THAYER**
        *Assistant Corporation Counsel*