

| | THE CITY OF NEW YORK | |
|---|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID S. THAYER<br>*Assistant Corporation Counsel*<br>t: (212) 356-2649<br>f: (212) 356-1148<br>e: dthayer@law.nyc.gov |

# MEMO ENDORSED

October 25, 2023

> The application is granted. Discovery will be stayed pending adjudication of the motion to dismiss. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 28, 2023
> New York, New York

*Via ECF*

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  **Nampiaparampil v. N.Y.C. Campaign Fin. Bd., *et al.***
            **No. 23 CV 6391 (ER)**

Dear Judge Ramos:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, the Honorable Sylvia O. Hinds-Radix, attorney for the Defendants in the above-referenced action. Consistent with the Court's direction at the October 18, 2023 pre-motion conference and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, I write to respectfully request a stay of discovery pending adjudication of Defendants' motion to dismiss.

      It is well-established that federal district courts have discretion under Rule 26(c) to stay discovery pending the determination of dispositive motions. See Levy v. BASF Metals Ltd., 755 F. App'x 29, 31 (2d Cir. 2018) (holding that the district court did not abuse its discretion in staying discovery pending a motion to dismiss); Hachette Distribution, Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citing Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987)). As such, under Rule 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citations omitted); see also New York *ex rel.* James v. Pa. Higher Educ. Assistance Agency, 19 Civ. 915 (ER), 2020 U.S. Dist. LEXIS 22671, at *3-4 (S.D.N.Y. Feb. 7, 2020); Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Factors to be considered when determining whether or not "good cause" has been shown include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of

discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Chesney, 236 F.R.D. at 115; see also Spencer Trask Software & Info. Servs, LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Here, the Defendants will be moving to dismiss the Complaint based on at least two grounds: (i) this action is claim-precluded by a former action filed in the Supreme Court of the State of New York, County of New York; and (ii) Plaintiff fails to state a claim for municipal liability with respect to her post-election claims of retaliation.

As set out at greater length in Defendants' pre-motion letter, Plaintiff previously filed a plenary action in New York County Supreme Court, under Index No. 159019/2022, in which she asserted a number of causes of action against the New York City Campaign Finance Board ("CFB") relating to the 2021 election for the citywide office for Public Advocate, in which she was the Republican Party's candidate. In a Decision & Order dated April 14, 2023, and in response to a motion to dismiss by the CFB, the Supreme Court dismissed Plaintiff's action pursuant to Section 3211(a)(7) of the N.Y. Civil Practice Law and Rules for failure to state a cause of action.

In their forthcoming motion, Defendants intend to argue that this April 14, 2023 dismissal precludes the instant action in this Court. Indeed, a review of the complaint in the Supreme Court, as well as the record before that court on CFB's motion, reveals that the Court was considering allegations of misconduct by the CFB and its staff preceding, during, and after the 2021 election. In other words, Plaintiff's claims arise out of the same "transaction or series of transactions" such that New York preclusion law applies. See Xiao Yang Chen v. Fischer, 843 N.E.2d 723, 725 (N.Y. 2005) (citing O'Brien ex rel. O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981)) Additionally, Plaintiff's post-election retaliation claims also suffer from a failure to adequately allege the existence of conduct, ascribable to the City of New York, such that the Court can reasonably infer municipal liability under Monell v. Department of Social Services, 436 U.S. 659 (1978), and its progeny. Indeed, there is no City policy of retaliating against candidates who bring lawsuits against the CFB by auditing their campaigns. To the contrary, CFB is required by law to audit all candidates' campaigns.

If the Court agrees with Defendants' arguments (or, for that matter, even agrees with respect to their claim preclusion arguments only), then Defendants' motion will be fully dispositive of this action. Therefore, because Defendants' motion "could potentially be dispositive" and is supported by "substantial grounds" for dismissal, the weight is "in favor of a stay." Valentini v. Grp. Health Inc., 20 Civ. 9526 (JPC), 2021 U.S. Dist. LEXIS 42772, at *4 (S.D.N.Y. Mar. 8, 2021) (internal alterations omitted) (collecting cases); see also Gandler v. Nazarov, 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994) (holding that stay of discovery should be granted where a motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law").

Finally, Plaintiff will not be prejudiced by a stay of discovery here. On the contrary, to the extent any of Plaintiff's claims survive Defendants' motion to dismiss, the resolution of such arguments will focus the issues and the scope of any required discovery.

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending the determination of Defendants' motion to dismiss. I thank the Court for its consideration of this application.

          Respectfully yours,

          /s/ David S. Thayer

          David S. Thayer

cc:    *Via ECF*
       All counsel of record