No. 23 Civ. 6391 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVI NAMPIAPARAMPIL,

*Plaintiff*,

- against -

THE NEW YORK CITY CAMPAIGN FINANCE BOARD, *et al.*,

*Defendants*.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel: (212) 356-2649
Matter No. 2023-068892

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... III

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

      POINT I ......................................................................................................................... 2

           THIS ACTION IS CLAIM-PRECLUDED BY
           PLAINTIFF'S PRIOR ACTION IN NEW YORK
           COUNTY SUPREME COURT. ................................................................... 2

      POINT II ........................................................................................................................ 5

           PLAINTIFF'S § 1983 CLAIMS OF
           RETALIATION FAIL AS A MATTER OF LAW. .................................... 5

      POINT III ....................................................................................................................... 6

           THE BOARD LACKS THE CAPACITY TO BE
           SUED. ........................................................................................................... 6

CONCLUSION......................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Avilon Auto. Grp. v. Leontiev*, 91 N.Y.S.3d 379 (App. Div. 1st Dep't 2019) ............................... 2

*Car Park Sys. of N.Y. Inc. v. Ull*, 60 N.Y.S.3d 825 (App. Div. 1st Dep't 2017) ..................... 3, 4, 5

*Cnty. Wide Flooring, Corp. v. Town of Huntington*, 102 N.Y.S.3d 252 (App. Div. 2d Dep't 2019)
................................................................................................................................................ 3, 5

*Cohen v. Glass*, 100 N.Y.S.3d 872 (App. Div. 1st Dep't 2019) .................................................. 3, 5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) .......................................... 5

*In re Estate of Hunter*, 4 N.Y.3d 260 (2005) .................................................................................. 2

*In re People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105 (2008) .............................. 2

*Nnebe v. Daus*, 644 F.3d 147 (2d Cir. 2011) .................................................................................. 7

*O'Brien v. City of Syracuse*, 54 N.Y.2d 353 (1981) ....................................................................... 2

*Pereira v. St. Joseph's Cemetery*, 912 N.Y.S.2d 121 (App. Div. 1st Dep't 2010) ......................... 3

*Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014) ................................ 5

*Walker v. City of New York*, 20-CV-5240 (PKC)(LB), 2021 U.S. Dist. LEXIS 87548 (S.D.N.Y.
   May 7, 2021) ................................................................................................................................ 7

*Windward Bora LLC v. Thomas*, 20-CV-5320 (DG)(MMH), 2022 U.S. Dist. LEXIS 179526
   (E.D.N.Y. Sept. 30, 2022) ............................................................................................................ 7

*Witharana v. N.Y.C. Taxi Limousine Comm'n*, 13-CV-4338 (ENV)(MDG), 2013 U.S. Dist.
   LEXIS 132774 (E.D.N.Y. Sept. 11, 2013) ................................................................................... 7

*Xiao Yang Chen v. Fisher*, 6 N.Y.3d 94 (2005) ............................................................................. 2

**Statutes**

42 U.S.C. § 1983 .................................................................................................................... 1, 5, 6

N.Y.C., N.Y., Charter § 396 ........................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................. 2

**Regulations**

52 R.C.N.Y. § 10-01 ............................................................................................................ 6

**PRELIMINARY STATEMENT**

As the Court is aware, Plaintiff Devi Nampiaparampil brings this action under 42 U.S.C. § 1983 and New York law, alleging that the Defendants New York City Campaign Finance Board ("CFB"), David Duhalde, Hannah Egerton, Amy Loprest, Bethany Perskie, Frederick Schaffer, Matthew Sollars, and Jaclyn Williams (collectively, the "Board" or "Defendants") infringed her rights under the U.S. and N.Y. Constitutions before, during, and after the 2021 election for the citywide office of Public Advocate, for which Plaintiff was the Republican Party's candidate.

Defendants moved to dismiss this action because Plaintiff had already lost a case on the merits in New York County Supreme Court and thus claim preclusion prohibited her from bringing this action. Even if this action were not precluded though, Plaintiff also failed to plead the existence of a policy or custom of the Board to retaliate against candidates who commence legal action against it, undermining a municipal liability claim of retaliation. And lastly, the Board itself lacked the capacity to be sued.

In her opposition, Plaintiff asserts that this action is not claim precluded because the dismissal of her prior action was not on the merits, because Defendants' purported misconduct is recurring, and because the application of claim preclusion would be "fundamentally unfair."[1] She also contends that her constitutional claims are viable because they are not subject to a notice of claim requirement and appears to attempt to reargue portions of her

---

[1] Plaintiff also appears to seek leave to amend her complaint if the Court believes that this action is claim precluded. (ECF No. 41, at ECF p. 21.) Defendants oppose this application. If this action is claim precluded, then amendment would be futile. To the extent that Plaintiff would want to join additional plaintiffs, (ECF No. 41, at ECF p. 19 (describing Plaintiff's wish to "include other parties within my zone of interest, who experienced third-party retaliation")), this is improper. Non-attorney *pro se* plaintiffs may not represent others. *See Iannaccone v. Law* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

1

prior action. Additionally, Plaintiff contends that she has pleaded municipal liability for her retaliation claims and that the CFB is a suable entity.

This action should be dismissed. The prior dismissal in Plaintiff's New York County Supreme Court case clearly engaged with and dismissed Plaintiff's causes of action on the merits, as well as concluding that Plaintiff had not filed a timely notice of claim. Defendants therefore respectfully request an order dismissing this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### POINT I

### THIS ACTION IS CLAIM-PRECLUDED BY PLAINTIFF'S PRIOR ACTION IN NEW YORK COUNTY SUPREME COURT.

Under New York law, claim preclusion, or res judicata, "'bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was[.]'" *Avilon Auto. Grp. v. Leontiev*, 91 N.Y.S.3d 379, 384 (App. Div. 1st Dep't 2019) (quoting *In re People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). It extends "'not only to claims actually litigated but also to claims that could have been raised in the prior litigation.'" *Avilon Auto Grp.*, 91 N.Y.S.3d at 384 (quoting *In re Estate of Hunter*, 4 N.Y.3d 260, 269 (2005)); *see also Xiao Yang Chen v. Fisher*, 6 N.Y.3d 94, 100 (2005) (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)) (noting that res judicata operates to bar claims in a successive case even where based on different theories of liability or seeking a different remedy).

Plaintiff argues that the dismissal of her prior action was not a dismissal on the merits, and generally "a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect." *Pereira v. St. Joseph's Cemetery*, 912 N.Y.S.2d 121, 122 (App. Div. 1st Dep't 2010) (citations omitted). However, where a dismissal for failure to state a cause of action *does* involve a determination on the merits, then claim preclusion may properly apply. *Id.* (citing *Djoganopoulos v. Polkes*, 889 N.Y.S.2d 213, 215 (App. Div. 2d Dep't 2009)); *see also Car Park Sys. of N.Y. Inc. v. Ull*, 60 N.Y.S.3d 825, 825 (App. Div. 1st Dep't 2017) (concluding that a prior dismissal on the grounds that plaintiffs could not demonstrate an element of their cause of action was a determination on the merits and thus preclusive). Pertinent to this action, moreover, a dismissal because a cause of action is time-barred—something that might appear otherwise procedural and not substantive—is considered a determination on the merits. *Car Park Sys.*, 60 N.Y.S.3d at 825; *see also Cohen v. Glass*, 100 N.Y.S.3d 872, 873 (App. Div. 1st Dep't 2019); *Cnty. Wide Flooring, Corp. v. Town of Huntington*, 102 N.Y.S.3d 252, 253-54 (App. Div. 2d Dep't 2019).

New York County Supreme Court clearly dismissed Plaintiff's prior action on the merits. Plaintiff contends that it was not such a dismissal because the Supreme Court, at one point in its decision while discussing Plaintiff's failure to file a timely notice of claim, stated, "Accordingly for these reasons alone, plaintiffs' causes of action are dismissed." (Thayer Decl. Supp. Mot. to Dismiss, Ex. M, at p. M004, ECF No. 25-13.) This myopic reading of the court's decision is undercut by the totality of the decision.

*First*, in context, the statement to which Plaintiff points is clearly meant to be understood as indicating that Plaintiff's failure to file a timely notice of claim was, on its own, a sufficient ground on which to dismiss but, notwithstanding that self sufficient basis, "given the

importance of the allegations to plaintiffs," the Court would also evaluate her claims on the merits. (*Id.*) That the Supreme Court could have ended its analysis without considering the merits of Plaintiff's claims is no reason to disregard, as Plaintiff attempts to do, the remainder of the court's decision.

*Second*, when the Supreme Court considered those merits, it further found that Plaintiff did not have a viable cause of action sounding in negligence because she could not, as a matter of law, establish a special duty on the part of the Board sufficient to overcome the Board's governmental immunity. (*Id.* at p. M004-07.) The Supreme Court also concluded that Plaintiff did not have a viable libel cause of action because the allegedly tortious statements were not, in fact, libelous. (*Id.* at p. M007-08.) Finally, the Supreme Court also held that there was no enforceable contract between the Board and Plaintiff for the Board to breach, and thus, Plaintiff's breach of contract claim was meritless. (*Id.* at p. M008) In other words, the Supreme Court considered each of Plaintiff's claims on the merits and found, not that Plaintiff had inartfully pleaded her causes of action, but that Plaintiff did not *have* viable causes of action as a matter of law and/or or fact. In doing so, the Supreme Court found an independently sufficient basis on which to dismiss Plaintiff's complaint, separate and apart from the fact that she had failed to file a timely notice of claim. This was, therefore, a determination on the merits and is now preclusive. *See Car Park Sys.*, 60 N.Y.S.3d at 825.

*Third*, and finally, even assuming *arguendo* that the Supreme Court's analysis of Plaintiff's failure to file a timely notice of claim is the only operative portion of its decision, Plaintiff overlooks the fact that the Supreme Court also noted that Plaintiff had not sought leave to belatedly file a notice of claim within the time allotted by the applicable statute of limitations for her negligence claims. (Thayer Decl. Supp. Mot. to Dismiss, Ex. M, at p. M003-04, ECF No.

4

25-13.) In other words, belated compliance with the condition precedent of a notice of claim was inconsequential because the statute of limitations had already run, and the negligence claims were time barred. This holding of the Supreme Court, while implied, also was clearly a determination on the merits. It is now preclusive. *Car Park Sys.*, 60 N.Y.S.3d at 825; *see also Cohen*, 100 N.Y.S.3d at 873; *Cnty. Wide Flooring*, 102 N.Y.S.3d at 253-54.

Seeming to sense the dangers of this implied holding, Plaintiff spends much of her opposition rearguing the merits of her State court complaint and setting forth reasons why the Supreme Court wrongfully dismissed her case, such as the fact that the court could have potentially tolled the statute of limitations, (ECF No. 41, at ECF pp. 15-17).[2] The Court may easily dispose of these arguments, as they outright "essentially amount to appeals of state court judgments," which the Court is prohibited from considering under the *Rooker-Feldman* doctrine. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)).

In sum, because Plaintiff has again asserted claims arising out of the same events as her prior State-court action, in which she indisputably received a determination on the merits, her claims in this action are precluded and should be dismissed.

## POINT II

**PLAINTIFF'S § 1983 CLAIMS OF RETALIATION FAIL AS A MATTER OF LAW.**

Plaintiff fails to satisfactorily allege municipal liability by failing to plead the existence of a Board policy or custom to conduct retaliatory audits against candidates, including Plaintiff, that commence judicial proceedings against the Board. As Defendants have previously

---

[2] For references to Plaintiff's opposition to their Motion to Dismiss, Defendants rely on the pagination contained in the ECF header due to the irregular pagination of the document.

emphasized, the Board is required to perform audits of *all* candidates in elections for City offices. 52 R.C.N.Y. § 10-01(a) ("The Board shall conduct desk and field audits of participants and non-participants [in the Board's public financing program], regardless of whether the candidates receive public funds.").

In her opposition, Plaintiff fails to cure this inadequate pleading, instead continuing to rely on conclusory statements that she has suffered retaliation. In doing so, Plaintiff newly claims that seemingly *all* of the Defendants' conduct towards her (and others) has constituted retaliation, rather than just the post-election audit that is the focus of her Complaint. (ECF No. 41, at ECF pp. 19-24.) This does not establish any policy of retaliation, formal or informal, for Plaintiff having commenced a prior judicial action against the Board, as articulated in her Complaint. And Plaintiff's irrelevant allegations about retaliation against non-parties likewise fail to permit any reasonable inference that *Plaintiff*, the only plaintiff in this action, can state a claim upon which relief can be granted. Indeed, Plaintiff's arguments in opposition concerning her retaliation claims appear to be non-responsive to the Defendants' Motion. Accordingly, Plaintiff's retaliation claim under 42 U.S.C. § 1983 must therefore fail.

## POINT III

### THE BOARD LACKS THE CAPACITY TO BE SUED.

Plaintiff continues to purport to sue the Board in its own right. However, the Charter of the City of New York provides that "[a]ll actions shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C., N.Y., Charter § 396. In fact, Plaintiff concedes that the Board is an agency of the City of New York. (ECF No. 41, at ECF p. 32.) It therefore follows, as a matter of law, that it may not be sued in its own right, *see Windward Bora LLC v. Thomas*, 20-CV-5320 (DG)(MMH), 2022

U.S. Dist. LEXIS 179526, at *10 (E.D.N.Y. Sept. 30, 2022) (construing claims against ECB to be against the City of New York); *Walker v. City of New York*, 20-CV-5240 (PKC)(LB), 2021 U.S. Dist. LEXIS 87548, at *39 (S.D.N.Y. May 7, 2021) (holding that amendment of complaint to include CCRB and other agencies improper because they were not suable); *Witharana v. N.Y.C. Taxi Limousine Comm'n*, 13-CV-4338 (ENV)(MDG), 2013 U.S. Dist. LEXIS 132774, at *4-5 (E.D.N.Y. Sept. 11, 2013) (dismissing claims against TLC based on non-suable status) (citing *Nnebe v. Daus*, 644 F.3d 147, 158 n.7 (2d Cir. 2011)). As such, the claims against it should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to dismiss, dismiss the Complaint and the claims therein in their entirety, award judgment in Defendants' favor, and grant to Defendants such other and further relief that the Court may deem just and proper.

Dated:     March 29, 2024
           New York, New York

>           **HON. SYLVIA O. HINDS-RADIX**
>           *Corporation Counsel of the City of New York*
>           Attorney for the Defendants
>           100 Church Street
>           New York, NY 10007
>           t: (212) 356-2649
>           f: (212) 356-1148
>           e: dthayer@law.nyc.gov
>
>   By:     */s/ David S. Thayer*
>           DAVID S. THAYER
>           *Assistant Corporation Counsel*