

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

June 13, 2024

*Via ECF*

**MEMO ENDORSED**, last page.

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:  **Nampiaparampil v. N.Y.C. Campaign Fin. Bd.,** No. 23 CV 6391 (ER)

Dear Judge Ramos:

       I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Defendants New York City Campaign Finance Board ("CFB"),[1] Amy Loprest,[2] David Duhalde, Hannah Egerton, Frederick Schaffer, Bethany Perskie, Matthew Sollars, Jaclyn Williams, and the City of New York (collectively, "Defendants') in the above-referenced action. As Defendants intend to move to dismiss the First Amended Complaint under Rule 12 of the Federal Rules of Civil Procedure, I write in accordance with the Court's Individual Practices to respectfully request a pre-motion conference or, in the alternative, leave to file their motion.

---

[1] The CFB continues to lack the capacity to be sued. See Windward Bora LLC v. Thomas, 20-CV-5320 (DG)(MMH), 2022 U.S. Dist. LEXIS 179526, at *10-11 (E.D.N.Y. Sept. 30, 2022) (concluding that Environmental Control Board not a suable entity).

[2] All of the non-entity Defendants have been sued solely in their official capacities as current or former employees of the CFB. (See, e.g., 1st Am. Compl., at p. 2 (describing Defendants in their official capacities).)

As the Court will recall, this action was brought by Plaintiff Devi Nampiaparampil ("Plaintiff"), who was the Republican Party's candidate in the 2021 election for the citywide office of Public Advocate.6 (1st Am. Compl. ¶ 6.) During the election and her preceding campaign, Plaintiff was a candidate participating in the CFB's public financing program, and as such, she was subject to a panoply of CFB's rules and regulations governing campaign contributions and expenditures. (See id. ¶¶ 18-37.) In her First Amended Complaint, Plaintiff contends that the CFB's application of these rules to her, particularly to (i) Plaintiff's entry in the CFB's Voter Guide, (see id. at p. 44); (ii) the publication of a press release about her in advance of a debate, (id. ¶ 11); and (iii) campaign contribution and expenditure limits for legal fees, (id. ¶¶ 15-25), constituted retaliation against her. Additionally, Plaintiff asserts that, after the election, the CFB's audit of her campaign has similarly been retaliatory. (See id. ¶¶ 52-55.)

In an Opinion & Order dated May 8, 2024, the Court dismissed Plaintiff's prior Complaint. In doing so, the Court specifically held that Plaintiff's claims "arising from the print and online Voter Guide, the debates, and the [CFB's public financing] Program" were claim-precluded. (Opinion & Order, at p. 15, ECF No. 45.) Additionally, the Court held that Plaintiff had not adequately pleaded municipal liability with respect to her post-election audit retaliation claims. (Id. at 15-17.) The Court gave Plaintiff leave to replead these latter claims. (Id. at 19-20.)

Notwithstanding Plaintiff's amendment, Defendants respectfully submit that the First Amended Complaint should be dismissed for at least the reasons set forth below.

**A.      Claim Preclusion and Law of the Case.**

As noted above, Plaintiff's claims concerning the public financing program, the Voter Guide, and the debate were dismissed on claim preclusion grounds. (Opinion & Order, at p. 15.) In spite of this dismissal, in which the Court made clear that "[l]eave to amend is . . . denied for all claims except the retaliation claim," (id. at 19), Plaintiff has repackaged her dismissed claims in the language of retaliation in an effort to sidestep the Court's decision. This willful disregard of the plain text of the Order is not only contumacious but fails to overcome the foundational defect that condemns these claims: claim-preclusion law in New York operates to bar *all* claims arising out of "the same transaction or series of transactions . . . , even if based upon different theories or if seeking a different remedy." (Id. at 11 (citing *In re* Hunter, 827 N.E.2d 269, 274 (N.Y. 2005)).) That determination by the Court stands as law of the case and requires dismissal of Plaintiff's claims concerning the public financing program, the Voter Guide, and the debate.

**B.      Failure to Adequately Plead Retaliation Claims.**

As for Plaintiff's claims concerning the post-election audit, these claims should also be dismissed because Plaintiff has again failed to adequately plead them.

As the Court is aware, to state a claim against a municipal defendant under 42 U.S.C. § 1983, a plaintiff must allege that a municipal policy was the moving force behind her purported constitutional deprivation. Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008) (citing Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)). Notwithstanding the 57-page First Amended Complaint, Plaintiff fails to specify just what the relevant municipal policy is

here that violated her rights. Indeed, the First Amended Complaint seems to suggest that Plaintiff believes that the application to her of the CFB's public financing rules vis-à-vis campaign contributions by a candidate to her own campaign *is* retaliation. (See, e.g., 1st Am. Compl. ¶¶ 43-45 (discussing CFB "policies" as violative of "candidates' rights and their volunteers' rights to free speech and free assembly").) How a generally applicable rule constitutes retaliation against an individual is not clarified, however.

Separately, Plaintiff explicitly discusses the post-election audit and seems to suggest that *this* is the retaliatory conduct on the part of the CFB. (See, e.g., id. ¶ 55.) But again, this audit is required by a generally applicable rule, which, as the Court has also noted, undercuts her contention that the audit was retaliation "because [she] initiated litigation against the Defendants," (1st Am. Compl. ¶ 55). (Opinion & Order, at 16 (citing 52 R.C.N.Y. § 10-01(a) ("[A]ny inference that the audit is causally connected to her lawsuits is refuted by the fact that the CFB is *required* by the rules of the City of New York to audit candidates 'regardless of whether the candidates receive public funds,' and that the audits may be done 'before or after an election.'").) Plaintiff has not cured this defect in her pleading, and the First Amended Complaint should therefore be dismissed.

Additionally, beyond allegations in conclusory terms, Plaintiff fails to plead that any of the individual Defendants were final decisionmakers with respect to the audit of her campaign. As such, Plaintiff's retaliation claims should be dismissed.

## C.    Other Flaws.

The First Amended Complaint also contains other defects that warrant dismissal. *First*, to the extent that Plaintiff believes that a Freedom of Information Law request to the CFB has been constructively denied, the proper avenue for relief is an Article 78 proceeding, not a federal Section 1983 claim. *Second*, Plaintiff continues to name the CFB as a Defendant even though the Court has concluded that it is not a suable entity; CFB should be dismissed. *Third*, to the extent that Plaintiff intends to assert retaliation claims on behalf of other persons like her mother, she may not do so. *Fourth*, insofar as Plaintiff intends to plead her retaliation claims under the New York Constitution, they should be dismissed for substantially the same reasons as her federal claims: her post-election audit is required by generally applicable law and thus cannot be causally related to her prior State-court lawsuit. In any event, the Court should decline to exercise supplemental jurisdiction over them. *Fifth*, and more generally, if Plaintiff believes that the ultimate result of her audit is incorrect or otherwise wrongful, she will have substantial due process to review the CFB's audit determination—both at the administrative level and through a Article 78 proceeding—should she so choose. This Court should refrain from wading into the merits of Plaintiff's incomplete audit in the meantime.

I thank the Court for its attention to this matter.

Respectfully yours,

/s/ David S. Thayer

David S. Thayer

cc:     *Via ECF*[3]
        Devi Nampiaparampil
        *Plaintiff pro se*

---

A pre-motion conference will be held on Thursday, July 11, 2024, at 2:30 p.m. by telephone.
The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.
The Clerk of the Court is respectfully directed to terminate the motions, docs. 48 and 49.
SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated:  6/24/2024
New York, New York

---

[3] Plaintiff consented to service by ECF. (Consent to Elec. Serv., Dec. 27, 2023, ECF No. 37.)