

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

# MEMO ENDORSED

August 15, 2024

> The application is  X  granted
> ___ denied
>
> Edgardo Ramos, U.S.D.J
> Dated: August 15, 2024
> New York, New York

*Via ECF*

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:   <u>Nampiaparampil v. N.Y.C. Campaign Fin. Bd.</u>, *et al.*
           No. 23 CV 6391 (ER)

Dear Judge Ramos:

       I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Defendants in the above-referenced action. With Plaintiff's consent, I write to respectfully request an extension, to September 13, 2024, of Defendants' time to move to dismiss in this action.

       As the Court will recall, Defendants filed a pre-motion letter in anticipation of a motion to dismiss the First Amended Complaint in this action. (ECF No. 48.) Thereafter, Plaintiff filed an opposition to this pre-motion letter, and the Court held a pre-motion conference on July 25, 2024. (ECF Nos. 49-50; *see also* ECF No. 52.) At that conference, the Court set a briefing schedule.

       Unfortunately, I was ill and out of the office for at least a week-and-a-half since the parties' pre-motion conference, which has affected my ability to complete Defendants' moving papers timely and has also adversely impacted deadlines relating to other professional obligations. Additionally, this illness unfortunately occurred just before a pre-planned family vacation out of state that begins next Monday, further complicating the timing of deadlines in my cases. With this context, therefore, I respectfully request an extension of the motion to dismiss briefing schedule.

Accordingly, I respectfully request an extension of Defendants' time to move to dismiss to September 13, 2024. Such an extension would adjust the briefing schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Defendants' moving papers due | August 15, 2024 | September 13, 2024 |
| Plaintiff's opposition papers due | September 12, 2024 | October 11, 2024 |
| Defendants' reply papers due | September 19, 2024 | October 18, 2024 |

This is Defendants' first request for an extension of the briefing schedule of their motion to dismiss the First Amended Complaint. As noted, Plaintiff has graciously consented to this application, though with a caveat. When I sought Plaintiff's consent to this application, she responded with an email, the main body of which is reproduced verbatim:

> I consent to the extension with one caveat that I would like to include in the record.
>
> Without any discovery, it is hard to say definitively whether or not qualified immunity applies here. Each of the individually named Defendants has been personally served at home and at work so they are all aware of the case. If we stick with the current schedule, I will have a chance to point that out before the 3-year statute of limitations expires on the original claim.
>
> Being pro se, I'm not sure how those deadlines work. am concerned that if I consent to an extension, one of the Defendants will turn around and say I never questioned their qualified immunity before that deadline.
>
> As we both know, your clients have successfully defended several of their actions by claiming I consented.
>
> Irrespective of all that, I hope you have a nice vacation.



I thank the Court for its consideration of this application.

                                                  Respectfully yours,

                                                  /s/ David S. Thayer

                                                  David S. Thayer