UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—-----------------------------------------------------x
DEVI NAMPIAPARAMPIL,

**LETTER-MOTION**

                                       **TO CLARIFY**

                     *Plaintiff,*

         –against–                                   No. 23 Civ. 6391 (ER)

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
                        *Defendants*

September 12, 2024

Dear Judge Ramos,

I submit this Letter-Motion for Clarification as a follow-up to our July 25, 2024 hearing. The Defendants presented factually incorrect statements to the Court during the hearing that have created ambiguity about whether I can legally speak to an attorney about my civil rights. Specifically, the City made a negligent misrepresentation and the Campaign Finance Board (CFB) made an intentional misrepresentation during the hearing.

As the Court may recall, I was the 2021 Republican nominee for NYC Public Advocate. I am the Plaintiff in this matter and I bring this case forward under U.S.C. Section 1983, alleging violations of my state and federal constitutional rights.

At the hearing on July 25, 2024, Joseph Gallagher, General Counsel for the CFB stated to the Court, "[I]f you want to spend on a lawyer and your campaign doesn't have the finances to spend on that lawyer, you can't pay for it out-of-pocket unless you stay with the contribution [sic] limit. So, in this matter, it would have been $6000." As an individual donor to the campaign, I have already spent $6000. These facts are undisputed by both me and the CFB.

1

The Court later said to me, "You should not let that get in your way if you believe that a lawyer will be able to help you in connection with this litigation." The Court's directive appears discordant with the CFB's earlier statement. I can explain how this situation arose.

Negligent Misrepresentation:
At the hearing, Defendants' Counsel stated, "When we're talking about a ***campaign*** paying for an attorney to handle [cases] relating to the campaign, campaign financing, getting on the ballot, or attorney's fees for providing compliance advice or… in-house campaign lawyer fees, my understanding is that none of that is subject to an expenditure limit."

Defendants' Counsel erred in referencing Rules applying to *campaign* spending interchangeably with the Rules applying to individual *donor* spending. This occurred multiple times during the hearing. The rules and laws applying to each are completely different. Although I was the Candidate, I am still subject to individual donor limits. I am not the campaign itself, which is a voluntary association of over 600 donors, numerous vendors, and approximately 250, 000 voters (approximately 25% of the NYC vote).

My campaign is insolvent with its 2021 bank accounts permanently and irrevocably closed, at the CFB's direction. It is irrelevant and moot whether the campaign can make unlimited expenditures at this point. It only matters whether I am personally allowed to exceed the $6000 limit to spend on legal fees.

For years now, the Defendants have been holding me personally liable for any of the campaign's potential financial penalties while simultaneously restricting the amount of personal income I can spend on my own defense.

The Defendants' Admin Code 3-703(i)(h) mandates that I only "make expenditures from [my] personal funds or property… in connection with [my] election… in an amount that does not exceed three times the maximum contribution amount," which in this case totals $6000. This is consistent with CFB General Counsel's earlier statements. There is currently *no exception* in the City's Rules for legal expenditures or for audit or compliance expenditures. Again, this was a negligent misrepresentation by Defendants' Counsel. The three CFB attorneys present on the call did nothing to correct the false and misleading impression these statements created.

Intentional Misrepresentation:
The apparently unintentional misrepresentation was followed by an intentional one. At the date and time of our hearing, the CFB was actively seeking financial penalties and a NYS Supreme Court judgment against 2015 City Council Candidate, Celia Dosamantes, because Dosamantes had exceeded the individual donor contribution limit when she *spoke to a*

2

*criminal attorney* about her 2015 campaign. This can be seen in *NYC Campaign Finance Board vs. Celia Dosamantes et al.* (Index #451903/ 2023), excerpts of which I have included here (Exhibit A). Dosamantes was a criminal defendant in *People v. Dosamantes*, 180 A.D.3d 518, 118 N.Y.S.3d 106, 2020 N.Y. Slip Op. 1118 (N.Y. App. Div. 2020)) and she served time at Rikers Island for campaign-related offenses. Defendants' Counsel said he was not familiar with the case. Then CFB General Counsel denied the existence of any Rule that would prevent me from retaining an attorney in connection with this federal case.

If that is true, why did CFB General Counsel Gallagher file a judgment on July 29, 2024– just four days after our hearing– citing Admin Code 3-703(i)(h), imposing a financial penalty on Dosamantes for speaking to a (criminal attorney) about her campaign?

This was an intentional misrepresentation by the Defendants, designed to:
a) Commit a fraud upon the Court
b) Buy the Defendants time to apply an unconstitutional Rule against Dosamantes before this Court might enjoin them from doing so
c) Ultimately intimidate a witness in my case (Dosamantes) with over $68,000 in penalties nine years after her run for office had concluded
d) Ultimately retaliate against me through a person in my zone of interest

If Admin Code 3-703(i)(h) does not punish spending on lawyers' services, then the Defendants should consider withdrawing their judgment against Dosamantes.

As it stands, I am in a state of debt bondage/ indentured servitude to the Defendants. The penalties (i.e. the debt) accrue without any cap and without any end-date. The Audit has no end-date. Defendants' Counsel opined during the hearing about his clients' subjecting post-election attorneys' fees to an expenditure limit. He said, "For logical reasons, it couldn't. Otherwise, the thing would sort of never end." I agree with him. Because I am constrained by the donor contribution limit (not the campaign spending limit), I am stuck in a never-ending audit. Meanwhile, I continue to labor on menial and punitive tasks, assigned to me by the Defendants, which I cannot refuse for fear of economic injury.

I would like to retain a lawyer, but I will not, for fear of prosecution down-the-line and accrual of additional penalties until I am formally shielded from Defendants' Admin Code 3-703(i)(h). If I lose a Motion to Dismiss before this Court, I will ultimately have to appear before the Defendants in their Admin Court for a Final Determination on this (retaliatory) Audit. I may also have to appear in an Article 78 proceeding in NYS Supreme Court and/ or before the Circuit Court where the letter of the law will likely be reviewed. At that time, I will have to explain why I knowingly and purposely spoke to an attorney despite the Defendants' *numerous* warnings that I could not spend "out-of-pocket" on an attorney, their

3

enforcement proceedings against candidates who spent their own personal funds on attorneys, and the Defendants' past judicial opinions advising people that legal fees were _not_ exempt from individual donor contribution limits.

In this country, countless prisoners, some suspected terrorists (Ashcroft v. Iqbal, 556 U.S. 662 (2009)) and even some enslaved people (Dred Scott v. Sandford, 60 U.S. 393 (1856)) have been allowed to speak to attorneys about their civil rights. However, according to the Defendants' Rule, I am <u>not</u>, because my campaign does not have the money to enable me to do so.

I respectfully ask this Court to review Admin Code 3-703(i)(h) and to issue a Court Order to clarify whether I can speak to an attorney. At the last hearing, Defendants' Counsel did not oppose my spending on legal expenditures. However, the existing Rule prevents me from making them.

I affirm this 12th day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document is being filed in an action or proceeding in a court of law.

Respectfully,

/s/ Devi Nampiaparampil

Pro Se Litigant, The Plaintiff

Metropolis Pain Medicine PLLC

111 John Street Suite 2509

New York, NY 10038

Cell: 312-523-5935

Email: devichechi@gmail.com