UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—-----------------------------------------------------x

DEVI NAMPIAPARAMPIL,                                      **PRE-MOTION**
               *Plaintiff,*                    **LETTER ON**
  –against–                                              **SANCTIONS**
                                                        No. 23 Civ. 6391 (ER)

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
               *Defendants*

September 19, 2024

Dear Judge Ramos,

I am a pro se plaintiff respectfully writing to the Court in response to a September 17, 2024 email I received from the NYC Campaign Finance Board (CFB) confirming its failure to archive electronically stored information (ESI). Of note, the original records, relevant to this case, have been deleted from the government's website during our litigation.

As the Court may recall, I was the 2021 Republican nominee for NYC Public Advocate. I bring this case forth under U.S.C. 42 §1983. The Defendants are scheduled to submit a Motion to Dismiss, which will in part address Rule 3-702(1)(h), which restricts a Candidate's ability to spend on campaign-related matters, including legal fees, even for §1983 litigation. My case also pertains to First Amendment violations in the CFB's Voter Guide and the Agency's no-cap-on-penalties/ no-end-date Audit of my 2021 campaign.

On August 2, 2024, the CFB emailed (emphasis added) "<u>Beginning with the 2021 primary election,</u> the CFB did not maintain an archive of the online Voter Guide and therefore is unable to produce the guide or candidate profiles as they appeared…" (Exhibit A).

<u>Other Actions Related to Potential Sanctions:</u>
    a) Concealed litigants' (Celia Dosamantes' and Albert Baldeo's) Final Audits
    b) Concealed fundraising information from the 2021 Public Advocate race
    c) Concealed and/ or destroyed records of internal quality control procedures

1

  d) Selectively deleted the information contained in the a) 2021 and 2022 online Voter Guides, b) 2021 video Voter Guide, and c) the associated HTML code used to create that ESI; and acknowledged a failure to archive these materials
  e) Selectively deleted email communications about my 2021 video Voter Guide
  f) Selectively concealed and/ or destroyed both the video recording and the written transcript of the January 17, 2023 CFB public hearing on the Voter Guide Rules
  g) Selectively concealed the names of similarly situated candidates from its 2022 online Voter Guides, before deleting the 2022 online Voter Guide altogether
  h) Selectively concealed and/ or destroyed its prior public posts about the 2021 Matching Funds program

I have checked for back-ups with the City's Municipal Archives (online and in-person). I have also searched the City's digital back-up programs: Archive Social and CivicPlus.

Duty to Preserve:
On O*ctober 4, 2021*, the CFB accepted service for my Order to Show Cause/ Temporary Restraining Order on its 2021 Voter Guide. That has been followed by litigation in state and federal court with additional claims and causes of action added. "A party must retain all relevant evidence in existence when the duty to preserve attaches and any relevant evidence created thereafter." *Caltenco v. G.H. Food, Inc.*, No. 16-cv-1705 (E.D.N.Y. Mar. 7, 2018).

Intentional Acts:
On January 27, 2023, shortly after I had submitted a Freedom of Information Law (FOIL) request for CFB Rules, policies, and its Voter Guide information on similarly situated past candidates, Defendant Perskie emailed me (emphasis added), "Please be advised that we will not be responding to inquiries related to the subject of pending litigation." The Defendants confirmed the records were relevant to this litigation. The Defendants also sent me three separate letters asking me about withdrawing my FOIL request. Each referenced our NYS Supreme Court case, confirming the records related to the litigation.

Harm:
a) The CFB concealed the audits of candidates I referenced in my Complaint. These candidates were also involved in litigation related to the CFB. Dosamantes received fines for legal fees. Albert Baldeo was previously found "not guilty" of campaign-finance-related crimes but sentenced to 18 months in prison for "obstruction." Fourteen years after his run for office, he appeared pro se in *CFB vs. Baldeo, OATH Index No. 1166/23 (Oct 31, 2023)* and pointed out CFB bias. Defendant Perskie argued, "It is well settled that a defense of selective prosecution is unavailable at an administrative trial." Dosamantes' and Baldeo's concealed audits likely reveal *retaliation-by-audit.*

b) Fundraising data informs the press and the public; mine has been selectively concealed
c) Oversight procedures ensure fairness in government operations. According to the Defendants, there are no records of internal oversight policies for 2021. It is unclear whether this is a failure to preserve relevant records vs. deliberate indifference to harm. d) e) f) g) and h) These records demonstrate the Defendants' predisposition to violate First Amendment rights. They demonstrate the Agency's pattern of unconstitutional behavior.
i) The CFB has concealed and/ or destroyed the educational materials, on the web in 2021, related to the Matching Funds program.. These posts likely revealed problems with their <u>consent</u> process. For example, I was informed of the following Candidate-as-Donor contribution limits: (3 x $2000 for Matching Program A) or (3 x $5100 for Matching Program B) or $5100 *if I did not participate at all.* No matter what option I chose, I had to waive my civil rights. Moreover, if I didn't sign immediately, I would have been removed from the ballot. See attached flier with some of this information (Ex. A).

Is the City a Defendant or Plaintiff? Like me, the City suffers harm as the CFB prunes the public record and censors its speech. City Council has been misled by the Defendants' alterations to the public record. At least one voting member falsely believed all municipal candidates on the ballot are listed in the Voter Guide. Yet the Defendants delete candidates' names freely. The CFB concealed the names of U.S. Representatives <u>Nydia Velasquez, Grace Meng, and Ritchie Torres</u> from its "critical" 2022 online Voter Guide before destroying the 2022 online Voter Guide altogether. Those U.S. Representatives' Districts share borders with Alexandria Ocasio-Cortez's District. Due to redistricting, AOC was in danger of losing votes to them (First Amended Compl. 63-67).

If I am allowed to retain legal representation, those lawyers might rely on the CFB's public records for verification, thereby interfering with an effective pursuit of my claims.

I am a physician– not a lawyer– forced to litigate, pro se, in this altered reality. I respectfully ask this Court for relief. Fed. R. Civ. P. 37(e) allows sanctions for "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence." *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 435 (S.D.N.Y. 2010). Under Rule 37(e)(2), an intent to deprive provides a court with a sufficient basis upon which to impose sanctions – an additional finding of prejudice is unnecessary.

I affirm this 19th day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document is being filed in an action or proceeding in a court of law.

Respectfully,

3

/s/ Devi Nampiaparampil

Pro Se Litigant, The Plaintiff

Metropolis Pain Medicine PLLC

111 John Street Suite 2509

New York, NY 10038

Cell: 312-523-5935

Email: devichechi@gmail.com