UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—----------------------------------------------------x

DEVI NAMPIAPARAMPIL,
            *Plaintiff,*

    –against–

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
            *Defendants*

**LETTER REQUESTING EXTENSION OF TIME TO RESPOND**

No. 23 Civ 6391(ER)

October 11, 2024

Dear Judge Ramos,

I am the pro se Plaintiff in the above-referenced action. I respectfully ask the Court for a one-week extension, to October 25, 2024, to submit my Response to the Defendants' Motion to Dismiss. The Defendants do not object to the extension. This is my first request for an extension to respond to the Motion to Dismiss the First Amended Complaint.

For more context, on September 27, 2024, the City of New York notified me it was initiating an Audit of my medical facility. As the sole owner of my medical practice, I must devote my time and effort to this Audit. As a pro se Plaintiff, I must similarly prepare the opposition papers for this case on my own. Meanwhile, I continue to treat patients and fulfill my other obligations.

For me, the stakes of this Audit are high. I am a Harvard-trained NYU Langone-affiliated physician. In addition to my medical license, I have a registration to work with radiation-emitting devices to perform x-ray-guided spine procedures, nerve and plexus blocks, and radiofrequency thermal ablations. I treat disc herniations, spinal arthritis and stenosis, and cancer-related pain, among other conditions. My practice treats over 3000 patients. It receives federal funding through Medicare. It also works with commercial health insurers, medical contractors, equipment and supply vendors, and banks across the country. Since September 27, 2024, I have been working with numerous City agencies, including the Department of Health, the

Office of Radiation Safety, and the Department of Worker and Consumer Protections, as part of this process.

We had a similar surprise Audit and in-house Inspection in 2021 prior to the Public Advocate election. There were no violations. (I am including the summary findings below). Although I expect that we will emerge unscathed this time as well, because the Health Code Inspector has the power to shut down critical operations within the medical practice during the Audit process itself, I must oversee the Audit myself. If we were to be temporarily shut down, I would have to work with NYU Langone to find alternative arrangements for our patients to receive medical care.

> RE: Initial Inspection.
>
> Disclosed 1 Fluoroscopic C-Arm GE/OEC ONE
> 1) No Equipment violations found
> 2) All items in compliance-
> 3) Facility is in compliance with Article 175 of the NYC/Health Code at the time of Inspection -
>
> (NCA)
> A.S. '8)
> (#1618)

If the Court could approve this additional time, it would be much appreciated. An extension would adjust the current briefing schedule as follows:

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Plaintiff's opposition papers | October 18, 2024 | October 25, 2024 |
| Defendants' reply papers | October 25, 2024 | November 1, 2024 |

I thank the Court for its time and consideration of my request.


Respectfully,
/s/ Devi Nampiaparampil
Devi Nampiaparampil