

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

October 21, 2024

*Via ECF*

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  **Nampiaparampil v. N.Y.C. Campaign Fin. Bd, *et al.***
**No. 23 CV 6391 (ER)**

Dear Judge Ramos:

I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for the Defendants in the above-referenced action. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, I write to respectfully request a stay of discovery pending adjudication of Defendants' motion to dismiss the First Amended Complaint.

It is well-established that federal district courts have discretion under Rule 26(c) to stay discovery pending the determination of dispositive motions. See Levy v. BASF Metals Ltd., 755 F. App'x 29, 31 (2d Cir. 2018) (holding that the district court did not abuse its discretion in staying discovery pending a motion to dismiss); Hachette Distribution, Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citing Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987)). As such, under Rule 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citations omitted); see also New York ex rel. James v. Pa. Higher Educ. Assistance Agency, 19 Civ. 915 (ER), 2020 U.S. Dist. LEXIS 22671, at *3-4 (S.D.N.Y. Feb. 7, 2020); Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Factors to be considered when determining whether "good cause" has been shown include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the

risk of unfair prejudice to the party opposing the stay." <u>Chesney</u>, 236 F.R.D. at 115; <u>see also</u> <u>Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

   Defendants moved to dismiss the First Amended Complaint on September 20, 2024. (ECF Nos. 60-63.) In their motion, Defendants argued that Plaintiff had improperly repleaded her precluded claims in the language of retaliation in a transparent attempt to circumvent the Court's prior May 8, 2024 Opinion & Order, (ECF No. 45), dismissing the original complaint. (ECF No. 62, at p. 7.) As to her new claims of retaliation, moreover, Defendants argued that Plaintiff lacked a basis on which to properly amend her complaint to include these new claims. (ECF No. 62, at pp. 7-8.) Defendants also argued that Plaintiff's claims of retaliation failed as a matter of law because she had not adequately pleaded <u>Monell</u> liability or that any of the conduct of Defendants could plausibly be inferred to be done in retaliation against Plaintiff. (*Id.* at pp. 8-13.) Defendants next argued that any would-be claims against the New York City Campaign Finance Board must be dismissed because the Board lacks the capacity to be sued and that any claims Plaintiffs purports to assert under the N.Y. Freedom of Information Law are cognizable in an Article 78 proceeding in the Supreme Court of the State of New York, not this Court. (*Id.* at p. 14.) Lastly, Defendants argued that the Court should decline to exercise its supplemental jurisdiction over Plaintiff's claims under New York law. (*Id.* at p. 15.)

   Presumably in light of the parties' filings in connection with Plaintiff's pre-motion letter concerning a discovery dispute, (ECF Nos. 60, 65), Plaintiff has recently contacted Defendants' counsel to request a Rule 26(f) meeting. From Defendants' perspective, however, this action is in a position materially identical to the point at which the Court previously granted a stay of discovery on December 28, 2023. (ECF No. 35.) Thus, Defendants again respectfully submit that the arguments set forth in their motion to dismiss the First Amended Complaint, if agreed with by the Court, will be fully dispositive of this action. Therefore, because Defendants' motion "could potentially be dispositive" and is supported by "substantial grounds" for dismissal, the weight is "in favor of a stay." <u>Valentini v. Grp. Health Inc.</u>, 20 Civ. 9526 (JPC), 2021 U.S. Dist. LEXIS 42772, at *4 (S.D.N.Y. Mar. 8, 2021) (internal alterations omitted) (collecting cases); <u>see also</u> <u>Gandler v. Nazarov</u>, 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994) (holding that stay of discovery should be granted where a motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law").

   Finally, Plaintiff will not be prejudiced by a stay of discovery here. On the contrary, to the extent any of Plaintiff's claims survive Defendants' motion to dismiss, the resolution of such arguments will focus the issues and the scope of any required discovery.

   For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending the determination of Defendants' motion to dismiss the First Amended Complaint.

I thank the Court for its consideration of this application

Respectfully yours,

*/s/ David S. Thayer*

David S. Thayer

cc:    ***Via ECF***
       Devi Nampiaparampil
       *Plaintiff pro se*