| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>—------------------------------------------------x<br>DEVI NAMPIAPARAMPIL,<br>      *Plaintiff,*<br><br>  –against–<br><br><br>THE NEW YORK CITY CAMPAIGN FINANCE<br>BOARD, AMY LOPREST, DAVID DUHALDE,<br>HANNAH EGERTON, FREDERICK SCHAFFER,<br>BETHANY PERSKIE, MATTHEW SOLLARS,<br>JACLYN WILLIAMS & THE CITY OF NEW YORK<br>      *Defendants* | **LETTER**<br>**REQUESTING**<br>**EXTENSION**<br>**OF TIME**<br>**TO RESPOND**<br><br>No. 23 Civ 6391(ER) |

October 22, 2024

Dear Judge Ramos,

I am the pro se Plaintiff in the above-referenced action. I respectfully ask the Court for an extension of time to submit my Response to the Defendants' Motion to Dismiss (MTD) the First Amended Complaint (FAC). This is my second request for an extension. The Defendants have consented so long as their deadline is also extended.

On September 27, 2024, the same day the MTD was filed, the Defendant City of New York notified me it was initiating an Audit of my medical facility, which treats over 3000 patients. As the owner, I had to allocate significant time, effort, and resources preparing and responding. Several days ago, we passed without a single violation.

The campaign audit and this litigation differ substantially from the practice audit. Here, I must prepare and submit all the documents on my own. Again, this is *not* by choice. I remain subject to a "lawyer ban." On p15 of the MTD before the Court, the Defendants write, "If a candidate wants to cover the costs of their campaign's legal fees, however, then the candidate is subject to the candidate's contribution limit, here, for Plaintiff, of $6000." This applies both to the audit and the litigation. I concede I spent the maximum allowed $6000 back in 2021 before Election Day.

Continued on page 15 of their MTD, the Defendants write (emphasis added), "[A] *candidate's financing* of their campaign's post-election legal fees going forward is **rarely**, if ever, the subject of the Board's retrospective audit." The Defendants

1

acknowledge that if a candidate pays their own legal fees, that generates penalties for insolvent campaigns. They concede they *selectively* enforce their "lawyer ban."

They also write on p16 of their MTD (emphasis added), "[T]he Board's interim General Counsel confirmed on the record in this action that Plaintiff's legal fees for this action (and for any other proceeding she may bring concerning her post-election audit) will not be the subject of the Board's auditing in connection with the 2021 *primary* election for the Republican candidate for Public Advocate."

I never ran in a primary election. I ran unopposed. The Defendants are auditing me for the 2021 general election. This litigation pertains to the 2021 *general* election. The penalties I face for speaking to a lawyer arise from the 2021 *general* election.

At first glance, the Defendants' statement therefore appears meaningless, but it is not. This statement specifically reminds me that I will face economic injuries for speaking to an attorney. The statement is also a warning not to consult with a lawyer again about my rights. The exception proves the rule. The City acknowledges the lawyer ban, but through sophistry, *falsely* appears to rescind its retaliatory policy.

Like other statements by seasoned political operatives, this convoluted sentence has contradictory interpretations. Both the Defendants and I know I did not run in a primary. Their legislated purpose is to inform the entire NYC electorate who is on the primary and general election slates. Whether this statement succeeded or not, it was intended to deceive the Court into thinking there was no lawyer ban in effect.

On such short notice, I can only submit this affirmation that I did not run in a primary election. I cannot submit evidence from the public-facing government record because the Defendants destroyed it shortly after I filed my FAC. As they conceded on p2 of their Response to my Letter-Motion for a Hearing on Sanctions, "[T]he coding that underlies the online Voter Guide for a particular election may be changed or altered…. This results in changes to the information publicly visible on the CFB vendor's website. This is why it may appear that certain candidates' information… disappears from the CFB's vendor's website for past elections." The Defendants denied my FOIL and dodged my attempts to schedule a Meet-and-Confer about Discovery in part to perpetuate confusion about the primary slate.

Even if the Court believed that substituting "primary" for "general" was accidental, the Defendants' "new" policy would not free my mother from penalties. As the former Treasurer, she is jointly and severally responsible for any penalties I accrued by speaking to an attorney.

The Court may recall that, during our hearing, the Defendants also substituted the term "*campaign* expenditures," which are unlimited, for "*donor* contributions," which in my case were statutorily capped at $6000. That repeated misrepresentation created the false impression there is no lawyer ban. The Defendants enforced it against Celia Dosamantes for speaking to a public defender[1] in a criminal case[2], alleging on p16 of the MTD, the penalty was because she "paid below market rates."

After the Defendants misrepresented the existence of a lawyer ban during our hearing, and after I disputed their assertion, General Counsel Gallagher reversed course and informed the Court (on p14 of the Transcript Docket #55), "As a participant in the program, you, yourself, have accepted a limitation on the amount of money you can donate to your own campaign. So if you want to spend on a lawyer and your campaign doesn't have the finances to spend on that lawyer, you can't pay for it out-of-pocket unless you stay with the contradiction [sic] limit. So in this matter, it would have been $6,000."

The Defendants have repeatedly referenced the voluntary matching funds program creating the false impression that this is somehow related to the lawyer ban. I did not "knowingly or voluntarily" enter into this adhesion contract with the government, but even if I did, it wouldn't matter. If I opted out of this program of indentured servitude, I would have been limited to a $3500 contribution to my own campaign. See 3-703(f) from the 2019 NYC Admin Code, which states (emphasis added), "[A]uthorized committees must not accept… ***any*** contribution… from… a non-participating candidate which… (i) for the office of mayor, ***public advocate*** or comptroller shall exceed ***three thousand five hundred dollars.***"

The City's audit and inspection of my medical facility took up almost three weeks, significantly limiting my ability to work on my Response to the Defendants' MTD. Yesterday, the Defendants filed a Motion to Stay Discovery which I intend to oppose. Given that I must write all the responses without the assistance of counsel, I am requesting a four-week extension. I am giving multiple talks at a national conference next week about the growth and expansion of ambulatory surgery.[3] The following week, to maintain my subspecialty board certification, I am taking a 10-hour examination, which is only given on one pre-arranged day each year. For the two weeks after that, I will be preparing for trial and appearing as an expert witness for the City of New York. As a professional, I will perform my duties effectively irrespective of my conflict with the *Campaign Finance Board*. I am grateful the City has not blacklisted me from its rosters simply for defending my constitutional rights.

---

[1] *NYC Campaign Finance Board vs. Celia Dosamantes et al.* (Index #451903/ 2023)
[2] *People v. Dosamantes*, 180 A.D.3d 518, 118 N.Y.S.3d 106, 2020 N.Y. Slip Op. 1118 (N.Y. App. Div. 2020))
[3] https://conferences.beckershospitalreview.com/30th-annual-asc/SpeakerLineup

If the Court could approve the additional time, it would be much appreciated. An extension would adjust the current briefing schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff's opposition papers | October 25, 2024 | November 22, 2024 |
| Defendants' reply papers | November 2, 2024 | December 6, 2024 |

I thank the Court for its time and consideration of my request.

I affirm this 22nd day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document is being filed in an action or proceeding in a court of law.

Respectfully,
/s/ Devi Nampiaparampil
Devi Nampiaparampil

4