UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

DEVI NAMPIAPARAMPIL,

        *Plaintiff,*

   –against–

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK

        *Defendants*

**AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT**

No. 23 Civ. 6391(ER)

November 22, 2024

I, Devi Nampiaparampil, being duly sworn, deposes and says:

1. I am the plaintiff in the above-captioned matter and submit this affidavit in opposition to the defendant's Motion for Summary Judgment.
2. I have personal knowledge of the facts and circumstances set forth in every document that I have submitted in this case. If called upon to testify, I could and would competently testify to these facts.

**Counter-Argument to Motion for Summary Judgment:**

   A. Disputed Facts Preclude Summary Judgment

3. The Defendants' Motion for Summary Judgment fails to demonstrate the absence of a genuine issue of material fact. Contrary to the defendant's assertions, there

1

are multiple material facts in dispute that must be determined by a jury. In particular, the issue of **"the lawyer ban"** is hotly contested.

Consider the NYC Campaign Finance Board General Counsel's own statement against interest on July 25, 2024. This statement was made directly to the Court, in a pre-Motion hearing on the Defendants' Motion to Dismiss the First Amended Complaint.

"[I]f you want to spend on a lawyer and your campaign doesn't have the finances to spend on that lawyer, you can't pay for it out-of-pocket unless you stay with the contribution [sic] limit. So, in this matter, it would have been $6000."

Reasonable minds could differ as to how this statement should be interpreted. The Defendants repeatedly told me it would be against the law for me to speak to an attorney about my situation, if my campaign was insolvent, which it has been since November 2, 2021 (Election Day). I spent $6000 before Election Day, 2021. Therefore, I was banned from spending any more money on legal fees for any campaign-related issues.

I ask the Court to note that General Counsel's statement has been repeated to me in various iterations, by numerous CFB employees since March 2021.

4. In my Complaint and First Amended Complaint, I allege that the defendant retaliated against me for exercising my First Amendment rights. The Defendants assert that all campaigns must be audited by statute. Therefore, a Retaliation claim is not plausible.

I dispute this characterization of the facts. Specifically, the suspicious timing, prolonged duration, overly burdensome demands, conduct disruptive to my medical practice, intense scrutiny, recommended penalties out of proportion to the alleged offense, denial of assistance from internal and external sources, lack of procedural safeguards, and lack of transparency all point to Retaliation as the primary motive for the Audit. Moreover, the Defendants have exhibited a pattern of misconduct that

shows they had the desire to punish me. I have also demonstrated their pattern and policy of harming other similarly situated political challengers through free speech restrictions. The most egregious part of their retaliatory behavior has been their imposition of this $6000 speech limit on me. An election cycle limit has turned into a lifetime limit on speech.

There is a triable issue of fact as to whether the Defendants' actions were retaliatory. I ask the Court to also consider all of the exhibits I uploaded with my original Complaint, and all of the letters and exhibits I have submitted, and to incorporate them into its review of this First Amended Complaint.

### C. I Have Not Had Adequate Opportunity for Discovery

8. I have not had the opportunity to obtain crucial documents and depose key witnesses. Meanwhile, the Defendants have already acknowledged that they destroyed protected electronically stored information relating to this case. In the absence of additional discovery, it is premature to grant summary judgment. According to **Federal Rule of Civil Procedure 56(d)**, I am entitled to additional time to obtain and present evidence that is material to my case.

### Conclusion

9. For the reasons set forth above, I respectfully request that the Court deny the defendant's Motion for Summary Judgment. There are significant disputes of material fact that must be resolved at trial, and I am entitled to the opportunity to present my case fully before a jury.
10. I swear and affirm under the penalties of perjury that the foregoing is true and correct.

Respectfully,

*[signature]*

Devi Nampiaparampil

111 John Street Suite 2509

New York, NY 10038

Email: devichechi@gmail.com

Cell: 312-523-5935

**Notary Acknowledgment:**

**State of New York**

**County of New York**

On this 22nd day of November, 2024, before me, the undersigned, a Notary Public in and for said state, personally appeared **Devi Nampiaparampil** known to me to be the person described in and who executed the foregoing affidavit, and he/she duly acknowledged to me that he/she executed the same.

**Notary Public Signature:** *[signature]*

MOHAMED ABDELAZIZ IMAM
Notary Public - State of New York
No. 01IM6443317
Qualified in Bronx County
My Commission Expires Oct. 31, 2026