UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DEVI NAMPIAPARAMPIL,
                             *Plaintiff*,

    –against–

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
                            *Defendants*

**MEMO ENDORSED**

MOTION TO STAY PROCEEDINGS
PENDING DECISION BY THE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

No. 23 Civ. 6391 (ER)

Defendants are directed to respond by Friday, December 27, 2024.

*Edgardo Ramos, U.S.D.J.*
Dated: 12/20/2024
New York, New York

December 19, 2024

## I. INTRODUCTION

Plaintiff Devi Elizabeth Nampiaparampil ("Plaintiff") respectfully moves this Court for an Order staying all proceedings in this case pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") on Plaintiff's Motion for Consolidation under 28 U.S.C. § 1407. Plaintiff's Motion seeks to consolidate this matter with the related case filed by Mary Joseph Nampiaparampil in the Eastern District of New York (Case No. 24-cv-5605) for coordinated or consolidated pretrial proceedings.

A stay is appropriate to preserve judicial resources, avoid inconsistent rulings, and ensure efficient case management pending the JPML's decision. A stay will ensure that any rulings align with the coordinated framework of a multidistrict litigation (MDL), avoiding duplication and inconsistency.

## II. BACKGROUND

On December 19, 2024, Plaintiff submitted a Motion to the JPML seeking to consolidate this case with the related matter pending in the Eastern District of New York. The Motion for Consolidation highlights overlapping legal and factual issues, including:

1. The constitutionality of the so-called "Lawyer Ban" imposed by the New York City Campaign Finance Board ("NYCCFB"), which precludes campaign officers from retaining counsel without violating campaign finance limits;

1

2. Allegations of discriminatory practices by the NYCCFB, including racial and gender disparities in enforcement;
3. Procedural due process violations stemming from burdensome audits and retaliatory actions.

The JPML's decision on consolidation is critical to determining how these overlapping issues will proceed, ensuring uniformity and judicial economy.

## III. LEGAL STANDARD

The Court has broad discretion to stay proceedings pending the resolution of matters before the JPML. Courts evaluate three primary factors when considering a motion to stay:

1. **Judicial Economy**: Whether a stay will avoid duplicative or inconsistent rulings and conserve judicial resources;
2. **Prejudice to the Parties**: Whether granting or denying the stay will unfairly prejudice any party;
3. **Hardship or Inequity**: Whether denying the stay will impose undue hardship on the moving party. See *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

## IV. ARGUMENT

### A. Judicial Economy Warrants a Stay

Granting a stay will conserve judicial resources by avoiding unnecessary motion practice and duplicative pretrial discovery. A stay ensures that any rulings will not conflict with or duplicate rulings made under an MDL framework. If the JPML consolidates this case with the related matter, all pretrial proceedings will be coordinated under a single MDL court.

### B. Prejudice to the Parties

Defendants will not suffer prejudice from a temporary stay pending the JPML's decision. The JPML typically resolves motions for consolidation within a few months, and a stay will merely delay proceedings briefly. Moreover, Defendants stand to benefit from coordinated discovery and streamlined motion practice in a consolidated MDL.

By contrast, Plaintiff faces ongoing prejudice if this case proceeds without consolidation. Plaintiff cannot run for office or seek effective relief for her medical practice while this matter remains unresolved. The inability to access a coordinated and efficient resolution exacerbates the harm already caused by the NYCCFB's actions.

**C. Avoiding Hardship or Inequity**

Plaintiff will face significant hardship if this Court proceeds with pretrial matters before the JPML rules. Duplicative discovery and inconsistent rulings would impose unnecessary costs and burdens on Plaintiff, undermining the efficiencies sought through consolidation. Moreover, the delay disproportionately impacts Plaintiff, who experiences ongoing restrictions personally, professionally, and politically.

**D. Precedent Supports Staying Proceedings Pending JPML Decisions**

Federal courts routinely grant motions to stay proceedings in similar circumstances. See *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (staying proceedings pending JPML decision to avoid duplicative discovery and conflicting rulings); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1355 (J.P.M.L. 2005) (emphasizing the importance of coordination for complex cases involving common questions of fact). Courts within the Second Circuit have granted stays pending JPML decisions to promote judicial efficiency and consistency, even when substantive motions like motions to dismiss are pending. See *Natural Resources Defense Council, Inc. et al. v. DeJoy et al.*, No. 1:19-cv-09527 (S.D.N.Y. 2019) and *MSP Recovery Claims, Series LLC v. Exactech Inc. et al.*, No. 1:23-cv-01098 (E.D.N.Y. 2023).

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant a stay of all proceedings in this matter pending the JPML's decision on the Motion for Consolidation.

Respectfully submitted,

/s/ Devi Elizabeth Nampiaparampil

Devi Elizabeth Nampiaparampil

Pro Se Plaintiff

111 John Street Suite 2509

New York, NY 10038

Cell: 312-523-5935

Email: devichechi@gmail.com