**MEMO ENDORSED**

at pg. 4.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—------------------------------------------------------x
DEVI NAMPIAPARAMPIL,
        *Plaintiff*,
  –against–

THE NEW YORK CITY CAMPAIGN FINANCE BOARD,
AMY LOPREST, DAVID DUHALDE, HANNAH EGERTON,
FREDERICK SCHAFFER, BETHANY PERSKIE, MATTHEW
SOLLARS, JACLYN WILLIAMS & THE CITY OF NEW YORK
        *Defendants*

MOTION TO ENTER ORDER ON PLAINTIFF'S SUPPLEMENTAL COMPLAINT (DKT #108)

1:23-cv-06391

March 3, 2025

Dear Judge Ramos,

I am the pro se plaintiff in this matter and I respectfully move this Court for an urgent ruling on the Supplemental Complaint, filed as an exhibit on February 3, 2025 (Dkt. #108).

1. <u>Background</u>
   1. On February 3, 2025, I filed a Letter-Motion for Leave to File A Supplemental Complaint (See Dkt #108), with the Supplemental Complaint included as an Exhibit, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.
   2. Defendants did not oppose the motion (See Dkt. #114).
   3. We reaffirmed our positions during the February 20, 2025 hearing. (See Exhibit A: February 20, 2025 Hearing Transcript p4-5). The Defendants were "equivocal" and did not express opposition to the filing of *any* of my claims.
   4. The Court stated that the supplemental pleadings would "be received" and that I did not have to take any further action to formally file the Supplemental Complaint. I interpreted this to mean that the claims had been accepted as part of the case.
   5. However, as of today, no Order has been entered granting or denying my request, leaving the status of these pleadings unclear.
   6. Of note, after the hearing, the Court separately issued an Order approving my Reply to Misstatements Made in the Defendants' Opposition papers (Dkt #122 and #123). It remains unclear whether the Court mistakenly confused these filings, or whether it has deliberately refused to rule on the Supplemental Complaint while selectively granting minor filings to create the appearance of fairness. Either scenario raises serious concerns—whether this is a result of judicial negligence or intentional

1

obstruction, the result is the same: the suppression of substantive claims in favor of procedural gamesmanship.

2. <u>Urgency and Request for Immediate Ruling</u>

a) The Judicial Panel on Multidistrict Litigation (JPML) is reviewing this case for potential consolidation. The Supplemental Complaint is important because it directly impacts the integrity of ongoing state and federal proceedings.

b) The Supplemental Complaint contains allegations and evidence that the Defendants engaged-- or may have attempted to engage-- in improper influence over the New York State (NYS) Supreme Court Judge presiding over the case. As you may recall, my pro se case was dismissed with prejudice, *sua sponte*, before any discovery had occurred. I was denied the opportunity to amend. Despite the Lawyer Ban, I was denied the opportunity to represent my co-plaintiff, my corporation, Metropolis Pain Medicine, PLLC. In addition, my corporation was denied the ability to refile even with counsel.

c) In addition, my Supplemental Complaint contains allegations (with references to evidence already contained within this federal court record), of the Defendants' intentional spoliation of evidence as well as their efforts to intimidate witnesses. Their actions affected the outcome of the NYS Supreme Court case, thereby depriving me of my constitutional right to due process.

d) The NYS Supreme Court is now reviewing a fully briefed Motion to Vacate the prior judgment, which, if granted, would directly affect any res judicata defenses raised by the Defendants in this case, or in any of the related cases before the JPML.

e) Allowing the Supplemental Complaint to be ignored would not only block independent federal review of the state court's handling of my case—it would serve the interests of the Defendants, who have sought to evade scrutiny at every turn. The absence of a ruling on this motion is no longer a procedural delay; it is an active interference in efforts to expose constitutional violations, including judicial coercion, spoliation of evidence, and witness intimidation. Of note, the Defendants have never even denied any of these allegations. Rather, they admitted—on the record—to deleting electronically stored information. They destroyed online Voter Guides.

f) This Court has previously denied my Motion for Sanctions related to these issues. Rather than engaging with the substance of the allegations, both the Defendants and this Court focused on procedural deficiencies on my part. My Supplemental Complaint is the appropriate procedural vehicle for these claims to be heard.

g) I have the opportunity to update the JPML on March 20, 2025 regarding any updates and outstanding issues.

> Therefore, I request that the Court rule on this matter by March 17, 2025, to ensure that all necessary information can be properly documented, compiled, and presented to the JPML by March 20, 2025 for its proceedings.

The plaintiffs must provide an update on all new litigation to the JPML by March 20, 2025. If no ruling is issued by March 17, 2025, I will present this information to the JPML as further evidence that the Southern District of New York (SDNY) has obstructed the fair adjudication of constitutional claims in this litigation. Additionally, in my oral arguments, I will attempt to persuade the JPML that these cases are not plagued by mere procedural inefficiencies but rather, by deliberate judicial interference in a matter that demands impartial review. The JPML must be made aware that continued adjudication in SDNY presents a structural conflict that undermines the integrity of these proceedings.

3. <u>Legal Basis for Relief</u>
    a) A properly filed motion that is unopposed should be granted absent compelling reasons to deny it.
    b) The Federal Rules of Civil Procedure require courts to rule on pending motions rather than leave them unresolved indefinitely.
    c) Failure to formally accept these pleadings before the JPML deadline creates a procedural disadvantage for me (the Plaintiff in this matter), as well as for the Plaintiffs in the related JPML cases. We are seeking consolidation of all relevant claims.

4. <u>Request for Relief</u>

For these reasons, I respectfully request that this Court:
    a) Issue a ruling granting or denying the motion no later than March 17, 2025;
    b) If the Court denies the motion, provide the legal basis for doing so.
    c) If the delay in ruling on my Supplemental Complaint was an oversight, this motion allows for a necessary correction. However, if the Court continues to approve minor filings while avoiding more substantial rulings, it raises concerns that selective judicial inaction is affecting the fairness of these proceedings.

I thank the Court for its time and consideration.

I affirm this 3rd day of March 2025, under the penalties of perjury under the laws of New York, which may include a fine of imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Respectfully submitted,

/s/ Devi Nampiaparampil
Devi Nampiaparampil
Pro Se Plaintiff
111 John Street Suite 2509
New York, NY 10038
Cell: 312-523-5935
Email: devichechi@gmail.com

On February 20, 2025, the Court held a conference to discuss, amongst other things, Nampiaparampil's request to file a supplemental complaint in the case, Doc. 108. The City "took no position" on her request to file the supplemental complaint, and the Court granted her request by instructing that, "[t]he supplemental complaint will be received." The Court also informed the Parties that City's response would not be due until after the stay currently in place was lifted. Accordingly, Nampiaparampil may file a supplemental complaint, and the City need not respond until after the stay is lifted.

It is SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 3/04/2025
New York, New York

4