UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—--------------------------------------------------------x
DEVI NAMPIAPARAMPIL,

          *Plaintiff,*

      –against–

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
                            *Defendants*

**NOTICE OF SUPPLEMENTAL AUTHORITY**

No. 23 Civ. 6391 (ER)

September 15, 2025

Dear Judge Ramos,

I am a non-attorney pro se Plaintiff in this matter. I am respectfully apprising the Court of new developments concerning the New York State Supreme Court decisions that were cited by the Defendants, and by this Court in prior proceedings, as the basis for dismissal of constitutional claims presented in the original Complaint. This Notice is submitted solely to inform the Court of appellate developments that directly affect the prior rulings in this case, and is not intended to reargue the merits.

All of those state court decisions are now under active review before the New York State Appellate Division, First Department. Specifically:

- **NYS Supreme Court Index No. 101118/2021 (Justice Hagler):**
  – <u>Case No. 2025-05351:</u> Appeal of the denial of an Order to Show Cause seeking a temporary restraining order on the 2021 Voter Guide.
  – <u>Case No. 2025-05332:</u> Appeal of the decision denying Plaintiff the ability to proceed pro se and closing the entire case by default.
  – <u>Case No. 2025-05331:</u> Appeal of the denial of Plaintiff's Motion for Vacatur, where Defendants made conflicting representations regarding receipt of Plaintiff's Voter Guide profile.

- **NYS Supreme Court Index No. 159019/2022 (Justice Ramseur):**

  – <u>Case No. 2025-04148:</u> Appeal of the denial of Plaintiff's Motion for Vacatur, including grounds relating to inconsistent rulings that barred both pro se and attorney representation, and new evidence of misrepresentations by Defendants, including admissions by CFB General Counsel of restrictions on Plaintiff's ability to retain counsel (the "Lawyer Ban").

Because these decisions are all in appeal, they are not final and therefore cannot serve as a basis for res judicata. Moreover, Plaintiff has asserted in her filings that many of these decisions were based on procedural insufficiencies, and not on the merits of her claims.

Notably, in the Hagler matter (Index No. 101118/2021), no Notice of Entry was served or filed until July 2025. The prevailing party, the New York City Campaign Finance Board, did not serve them; Plaintiff was denied the ability to proceed pro se and therefore could not serve them; and Plaintiff's prior counsel ceased appearing after the imposition of restrictions on attorney representation, and therefore, did not serve them. As a result, the decisions in that matter were not properly noticed until the summer of 2025, further underscoring the lack of finality. Under NYS CPLR 5513, an appeal may be taken within 30 days after service of the Notice of Entry. Because no Notice of Entry had been served previously, the time to appeal had not yet begun. Upon discovering this procedural irregularity, Plaintiff filed the three Notices of Entry along with the corresponding Notices of Appeal. Despite the nearly four-year gap between the Court's first Decision & Order and the filing of the Notices of Entry, the Appellate Division, First Department, has accepted all of the Decisions & Orders for appellate review.

The subsequent Ramseur action (Index No. 159019/2022), which this Court relied upon for res judicata purposes in its Decision & Order dismissing the original Complaint, was commenced only because the Hagler case had been closed without Plaintiff having any opportunity to proceed pro se or to file an appeal, further reflecting the irregular posture of these matters. The Ramseur case is also currently under Appellate Review.

This procedural history also underscores the underlying factual dispute. Plaintiff has consistently maintained that she timely submitted a candidate profile for the Defendants' Voter Guide. Before the election, Plaintiff was not seeking Damages. Rather, she simply wanted the Defendants to take corrective action and publish her campaign's platform to inform voters.

```
        MR. FISH:  Well, the reason I don't think it's moot
   is the defendant -- the reason this is not moot is that the
   defendant can take some prompt action to correct these
   things.  For example, they could correct the on-line profile
   as we sit here today; that still remains empty for the
   plaintiff.  At a very minimum, putting aside the ballot
   issue, which by their dropping the ball required them to
   have all hands on deck and have a fair election with respect
   to the public advocate.
```

*Figure 1: Plaintiff's Then-Attorney Explaining Requests*

In the Hagler proceeding, Defendants stated they had never received a candidate profile from Plaintiff, and the Court's decisions reflected that position. Relying on Defendants' representation that Plaintiff had never timely submitted a Voter Guide candidate profile, the Court converted Plaintiff's constitutional claim into an administrative Article 78 proceeding.

Defendants maintained in the official 2021 General Election Voter Guide that Plaintiff 'has not submitted a profile,' and distributed that false statement to almost 5 million voters immediately before the 2021 general election.



## Devi E. Nampiaparampil

Republican, Save Our City

This candidate has not submitted a profile

*Figure 2: CFB Publication About Plaintiff*

Plaintiff appeared before the Defendant CFB leadership (Defendants Loprest and Schaffer) and testified in a public hearing as to the fraudulent misrepresentation and constitutional violations. The Defendants deleted her testimony from their subsequent publication of the hearing.

Plaintiff also filed a timely Notice of Claim with the Comptroller for numerous misrepresentations before the Hagler Court. Plaintiff never received any follow-up from the Defendant City of New York.

Plaintiff then appeared a second time before the Defendant CFB leadership and described the constitutional violations in a public hearing. This time, the Defendants censored the entire public hearing and argued to this Court—in multiple filings-- that a public hearing had never taken place until Plaintiff produced still images from her recording of the hearing.

5

```
22        THE COURT:  I'm trying to figure out what happened
23   here.  So she said, "where is the testimony?  Where is my
24   testimony from the hearing?"  She's telling you that you,
25   generally, I don't know who specifically, from the city and the
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P1U4NAMC

```
1   campaign finance board said, "what are you talking about?
2   There was no such hearing?"  And then she said, "here."  She
3   gave you the receipts, as it were.
4        MR. THAYER:  Precisely.
5        THE COURT:  And then you went back and said, "oh,
6   yeah, we have that."  Is that what happened?
7        MR. THAYER:  Yes, that's right.
```

*Figure 3: Excerpt from Hearing Transcript of January 2025 Hearing Before Judge Ramos: Defendants Acknowledgement of Misrepresentation About Hearing*

```
        THE COURT:  Now there is another layer.

        What she is telling me, Mr. Thayer, is that when she

first asked for the testimony, not only did you say there was

no testimony, but you made a representation in some judicial

proceeding that there was no testimony.  And based on your

failure to hand over that testimony, the record was less than

complete and therefore she was not able to prevail.  Can you

tell me about that.

        MR. THAYER:  I believe that the plaintiff is

referring -- this other judicial proceeding is the state

Supreme Court proceeding before Justice Ramseur.  I don't,
```

*Figure 4: Excerpt from Hearing Transcript of January 2025 Hearing Before Judge Ramos: Defendants Acknowledgement of Potential Relationship to Ramseur Case*

After Justice Ramseur dismissed Plaintiff's case on Statute of Limitations grounds, the Defendants admitted on the record in an October 2023 hearing before this (Ramos) Court that they had in fact received her timely submitted profile, contradicting their established position before Judge Hagler. They acknowledged that her campaign platform was purposely censored from public view on grounds of violating the law—violating their Rules about 'decorum'-- and due to their concern that Plaintiff's critique of the incumbent's platform would 'confuse' the voters.

```
        THE COURT:  All right.  And if it's distributed by CFB

presumably, this voter guide has all of the candidates?

        MR. THAYER:  As I understand it, yes, all of the

candidates are listed.  In this particular case, the
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
NAIAANAMC                   Conference

plaintiff's written statement for the voter guide was not

included because at first it was returned to her because she

had named the incumbent public advocate by name.  Then as I
```

*Figure 5: Excerpt from Hearing Transcript of January 2025 Hearing Before Judge Ramos: Defendants Acknowledgement of Receipt and Rejection of The Submission*



THE COURT:  Tell me again what the reason is for not
mentioning your opponent.  It seems to me that if especially as
an incumbent, what's the harm that is attempted to be
addressed?

          MR. THAYER:  I think that originally the notion was
decorum and it was meant for candidates to talk about their own
campaign rather than the campaign of others.  And I think as I
understand it, there was also a concern that some candidates
will drop out and if another candidate campaign statement in
the voter guide is referring to a candidate who is no longer in
the race by name, it may sort of generate confusion with the

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

Case 1:23-cv-06391-ER    Document 22    Filed 11/07/23    Page 7 of 16        7
NAIAANAMC                        Conference

voters.

*Figure 6: Excerpt from Hearing Transcript of January 2025 Hearing Before Judge Ramos:*
*Defendants Statements About Decorum and Confusion*

These conflicting representations are now under review by the Appellate Division, further
undermining Defendants' assertions of finality.

I respectfully submit this Notice so that the Court is aware of the current procedural
posture in the underlying state cases. Plaintiff also respectfully reminds the Court that—
since March 2021—she has been repeatedly informed by the Defendants of restrictions,
under the color of law, on her ability to spend money on legal representation. Plaintiff has

previously referred to these restrictions as the "Lawyer Ban." Therefore, Plaintiff continues to submit her filings as a non-attorney pro se, under protest.


Respectfully submitted,

/s/ Devi Nampiaparampil
Devi Nampiaparampil
Pro Se Plaintiff
111 John Street, Suite 2509
New York, NY 10038
Cell: 312-523-5935
Email: devichechi@gmail.com