UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—--------------------------------------------------x
DEVI NAMPIAPARAMPIL,
                  *Plaintiff,*
    –against–

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, AMY LOPREST, DAVID DUHALDE,
HANNAH EGERTON, FREDERICK SCHAFFER,
BETHANY PERSKIE, MATTHEW SOLLARS,
JACLYN WILLIAMS & THE CITY OF NEW YORK
                  *Defendants*

**NOTICE OF SUPPLEMENTAL AUTHORITY**

No. 23 Civ. 6391 (ER)

March 5, 2026

Dear Judge Ramos,

I am a non-attorney pro se Plaintiff in this matter. I am respectfully apprising the Court of new developments concerning related proceedings that may impact this case. This Notice is submitted solely to inform the Court.

1. During this case, Plaintiff and Defendants have had parallel litigation in North Carolina where Oral Argument before the Judicial Panel on Multidistrict Litigation (JPML) took place. The details of the case in the Western District of North Carolina (NCWD) are: Devi Nampiaparampil et al. v. The New York City Campaign Finance Board et al. (3:25-cv-00894).

2. At the end of February, several orders were issued in rapid succession, culminating in one on March 3, 2026, transferring the case to the Southern District of New York (SDNY) and opening it as Case No. 1:26-cv-01745. The Defendants' "Motion to Dismiss or in the Alternative Transfer Venue" was granted as to the transfer of venue. The Plaintiffs' two Motions remain unadjudicated—left for the SDNY to decide.

1

[1] The Court need not reach the other pending motions in this action, Doc. No. 15 (Motion for Entry of Default) and Doc. No. 24 (Motion for Recusal and Random Assignment), which are either moot or properly left for consideration by the court to which this action is being transferred.

1

Case 3:25-cv-00894-KDB-WCM    Document 27    Filed 02/26/26    Page 1 of 2

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss or in the Alternative Transfer Venue (Doc. No.20) is **GRANTED** as to the alternative request to transfer venue; and

2. The Clerk is directed to transfer this matter to the United States District Court for the Southern District of New York.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: February 25, 2026

Kenneth D. Bell
United States District Judge

*Excerpt From Order For Transfer From Judge Bell in the Western District of North Carolina*

2

| | | |
|---|---|---|
| 02/24/2026 | | Case reassigned to District Judge Kenneth D. Bell and US Magistrate Judge W. Carleton Metcalf. District Judge Max O. Cogburn, Jr, Magistrate Judge Susan Rodriguez (MJ) no longer assigned to the case. *This is your only notice - you will not receive a separate document.*(mek) (Entered: 02/24/2026) |
| 02/24/2026 | | Clerk's Entry and Service of **Standing Order Requiring an Initial Settlement Conference in Civil Cases** assigned to the Honorable Kenneth D. Bell (5:19-mc-5 (Doc. No. 1)). The parties are directed to click on the link above to retrieve the Order. The filing party is directed to serve a copy of the Order with service. (mek) (Entered: 02/24/2026) |
| 02/26/2026 | 27 | **ORDER: Defendants' 20 Motion to Dismiss or in the Alternative Transfer Venue is GRANTED as to the alternative request to transfer venue; and the Clerk is directed to transfer this matter to the United States District Court for the Southern District of New York. Signed by District Judge Kenneth D. Bell on 2/25/2026.** (mek) (Entered: 02/26/2026) |
| 02/26/2026 | | Case electronically transferred to the Southern District of New York. Original electronic file and docket sheet sent. (mek) (Entered: 02/26/2026) |
| 03/03/2026 | | Case transferred from North Carolina Western has been opened in Southern District of New York as case 1:26-cv-01745 filed on 03/03/2026. (rth) (Entered: 03/03/2026) |

*Excerpt From Devi Nampiaparampil et al. vs. The New York City Campaign Finance Board et al. (3:25-cv-00894) NCWD Docket*

2. Defendants' counsel in this case, David Sumner Thayer, who also serves as Defendants' counsel in another ongoing case in the SDNY (Xavier J. Nampiaparampil v. The New York City Campaign Finance Board et al. (1:25-cv-01346) is a named Defendant in the newly transferred case, which was filed in the NCWD on November 7, 2025.

3

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:25-cv-01346-JPO**

| | |
|---|---|
| Nampiaparampil v. New York City Campaign Finance Board et al | Date Filed: 02/14/2025 |
| Assigned to: Judge J. Paul Oetken | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

Xavier Joseph Nampiaparampil     represented by    Xavier Joseph Nampiaparampil
12 Columbia Road
Ardsley, NY 10502
(914) 720-5533
Email: xjnampi@gmail.com
PRO SE

V.

**Defendant**

New York City Campaign Finance Board     represented by    David Sumner Thayer
New York City Law Department
100 Church Street
New York, NY 10007
212-356-2649
Fax: 212-356-1148
Email: dthayer@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

New York City Department of Sanitation Enforcement Division     represented by    David Sumner Thayer
(See above for address)
*LEAD ATTORNEY*

*Excerpt From Xavier J. Nampiaparampil vs. The New York City Campaign Finance Board et al. (1:25-cv-01346) SDNY Docket*

| Defendant | | |
|---|---|---|
| The New York City Campaign Finance Board | represented by | **Andrea Maria Liberatore**<br>The New York City Law Department<br>General Litigation<br>100 Church St<br>New York, NY 10007<br>212-356-3187<br>Email: aliberat@law.nyc.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>Maxim Picardi Maiello | | |
| **Defendant**<br>Joseph Thomas Gallaher | | |
| **Defendant**<br>David Sumner Thayer | | |
| **Defendant**<br>The City of New York | represented by | **Andrea Maria Liberatore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

*Excerpt From Devi Nampiaparampil et al. vs. The New York City Campaign Finance Board et al. (3:25-cv-00894) NCWD Docket*

3. Plaintiff also notes that the Defendants' and Defendants' Counsel-turned-Defendant's attorney, Andrea Maria Liberatore is a former SDNY clerk who is still listed as having a business and mailing address at the SDNY Federal Courthouse (as of March 4, 2026). In the NCWD, she acknowledged working as an SDNY clerk during the time frame that the Nampiaparampil cases were being litigated in the SDNY, but declined to state for which judge, or whether she underwent any conflict of interest screening measures before assuming her role as an attorney in the NCWD, now SDNY, matter.



*Andrea Maria Liberatore Office of Court Administration Registration:*

*Date and Timestamped (March 4, 2026 1:28PM)*

4. There are two other parallel proceedings in the New York State Supreme Court. First, as the Court may recall, the constitutional claims in Plaintiff's original complaint were dismissed based on res judicata citing Judge Ramseur's April 14, 2023 ruling. Afterwards, plaintiffs Metropolis Pain Medicine PLLC and Devi Nampiaparampil filed a Motion for Vacatur in the state Court based on 5015(a)(2) and 5015(a)(3). Judge Ramseur denied vacatur.

6

> On or about October 2022, plaintiffs Devi E Nampiaparampil and Metropolis Pain Medicine PLLC (a company Nampiaparampil solely owns) (hereinafter, collectively, "plaintiffs") commenced the instant action against defendant New York City Campaign Finance Board (the "CFB"). Plaintiffs asserted the CFB allegedly provided Nampiaparampil with false information and made at least two statements that libeled her when she ran for New York City's Public Advocate in 2021. By Decision and Order dated April 14, 2023 (the "April 2023 Decision"), the Court dismissed this action. Now, plaintiffs move to vacate said Decision pursuant to CPLR 5015 (a) (2) and (a) (3). The CFB opposes the motion in its entirety. For the following reasons, Plaintiffs' motion to vacate is denied.

*Excerpt From Judge Ramseur's April 29, 2025 Order on the Motion For Vacatur*

5. Plaintiffs appealed the denial. The case Metropolis Pain Medicine PLLC et al. v. The New York City Campaign Finance Board (Case #2025-04148) was accepted for review. Plaintiffs were given a deadline of February 25, 2026 to perfect their appeal.

```
01/27/2026 12:07 PM    15 - LETTER REQUEST FOR EXTENSION -
Rivera, Augustine A    The time to perfect this appeal has been extended to February 25, 2026. (ToDoApprove)
```

*Excerpt From Metropolis Pain Medicine PLLC et al. vs.*
*New York City Campaign Finance Board (2025-04148) Case Docket*

6. Plaintiffs perfected and filed a timely appeal, attached here, for an accurate federal record. (Exhibit A: Metropolis Pain Medicine PLLC et al. v. The New York City Campaign Finance Board: Appellants' Brief (Case 2025-04148)).

```
FILED: APPELLATE DIVISION - 1ST DEPT 02/25/2026 11:48 PM      2025-04148
NYSCEF DOC. NO. 18                            RECEIVED NYSCEF: 02/25/2026
```

**Metropolis Pain Medicine, PLLC d/b/a Devi E. Nampiaparampil, MD**
**Devi Nampiaparampil**
               Plaintiffs-Appellants
                 *against*
**New York City Campaign Finance Board**
               Defendant-Appellee

**Brief for the Plaintiffs-Appellants**

*Date and Time-stamped E-filed Brief for Plaintiffs-Appellants' Perfected Appeal*

7



For context only, Plaintiff notes that the perfected appeal concerns the New York Supreme Court's April 29, 2025 Decision denying relief under CPLR 5015(a)(2) and (a)(3). The appeal raises procedural issues regarding newly discovered evidence, materiality, and alleged misrepresentations affecting the prior state-court dismissal. The appeal does not involve the federal constitutional claims presently before this Court. It is included here solely so the Court may understand the procedural posture of the related state litigation.

7. The appellate court case docket does not show the filing. Instead, it states, "The appeal has been deemed dismissed."

| 02/27/2026 12:24 PM<br>Rivera, Augustine A | 18 - APPELLANT'S BRIEF<br>This appeal has been deemed dismissed. Please await a decision on your motion to vacate the dismissal and extend the time to perfect. (ReturnRemoveDocument) |
|---|---|
| 02/27/2026 12:25 PM<br>Rivera, Augustine A | 19 - APPELLANT'S BRIEF<br>This appeal has been deemed dismissed. Please await a decision on your motion to vacate the dismissal and extend the time to perfect. (ReturnRemoveDocument) |
| 02/27/2026 12:25 PM<br>Rivera, Augustine A | 20 - APPELLANT'S BRIEF<br>This appeal has been deemed dismissed. Please await a decision on your motion to vacate the dismissal and extend the time to perfect. (ReturnRemoveDocument) |
| 02/27/2026 12:25 PM<br>Rivera, Augustine A | 21 - APPELLANT'S BRIEF<br>This appeal has been deemed dismissed. Please await a decision on your motion to vacate the dismissal and extend the time to perfect. (ReturnRemoveDocument) |

*Excerpt From Metropolis Pain Medicine PLLC et al. vs. New York City Campaign Finance Board (2025-04148) Case Docket Notes*

8. This procedural issue arises from the exhibits—the original motion documents from NYSCEF. In order to certify the documents and transfer them from the Supreme Court to the First Department, the Supreme Court Clerk requires pro ses—but not attorneys-- to obtain a subpoena duces tecum.



*Excerpt From Information Sheet Provided to Pro Ses By the New York County Supreme Court Pro Se Help Desk*

9. The Pro Se Help Desk verbally explained that the Judge associated with the original case, Judge Ramseur, must sign the subpoena duces tecum. In this particular case, the Judge has declined to sign the subpoena, but did not issue any formal Orders into NYSCEF. Instead, the Clerk emailed Plaintiff.



*Email From SFC-Part 34 Clerk to Plaintiff on Thursday February 19, 2026 Declining to Sign Subpoena Duces Tecum*

10

```
NYSCEF - New York State Courts Electronic Filing (Log

159019/2022 - New York County Supreme Court

Short Caption: Devi E Nampiaparampil MD et al v. New York City Campaign Finance Board
Case Type: Torts - Other Negligence (Personal Injury)
Case Status: Disposed
eFiling Status: Full Participation Recorded
Assigned Judge: Dakota D. Ramseur

E-mail Participating Parties

Document Number: 179
Document Type:
  SUBPOENA ( REQUEST TO SO ORDER )
Additional Document Info:
  Unsigned Copy of Subpoena Duces Tecum; Original Given to Clerk
Status: Pending
Filer: Nampiaparampil, D. (Pro Hac / Pro Se)
Received Date: 02/18/2026 01:46 PM
Filed Date: 02/18/2026 01:46 PM
Acknowledgements recorded by Nampiaparampil, D. (Pro Hac / Pro Se) on filing page
on 02/18/2026 01:46 PM

Document Fee: $0.00

E-Mail Service Notifications sent on 02/18/2026 01:46 PM
Attorney                                              Email
JOSEPH THOMAS GALLAGHER                               jgallagher@nyccfb.info
Devi E Nampiaparampil MD                              devichechi@gmail.com
BETHANY M. PERSKIE                                    jgallagher@nyccfb.info

NOTE: There may be parties in this case who haven't "opted out" or recorded their
participation. See case details tab.
```

*Acknowledgement of Subpoena on NYSCEF System*

11



*Email Requesting Formal Order Declining to Sign Subpoena (No Response)*

10. The New York State Supreme Court Pro Se Help Desk had no alternative remedy. The County Clerk directed Plaintiff back to the Pro Se Help Desk.



*Email Asking Pro Se Help Desk How to Proceed if Judge Declines to Sign Subpoena (No Response)*

The Defendants have not stipulated to the contents of an Appendix of NYSCEF documents associated with the Motion for Vacatur.

12

Plaintiff-Appellants filed a Motion for Appellate Court intervention om February 24, 2026-- before the deadline on the perfected appeal.

*Motion for Alternative Relief Filed Day Before the Deadline to Perfect the Appeal*

11. Meanwhile, the second case (with three associated appeals in the First Department) is the case that was previously before Justice Shlomo Hagler. Plaintiff continues to work on the appeal pro se. This is relevant to the current proceeding for two reasons. First, Plaintiff remains constrained in a variant of the prisoner's dilemma: her family continues to be at risk for violations and financial penalties should she seek legal counsel. The "Lawyer Ban" is still in motion. Judge Hagler's case appeal is ongoing. Defendant's counsel-turned-Defendant previously stated to this Court, on January 30, 2025, that legal expenditures pertaining to Judge Hagler's case would be audited—and presumably subject to potential fines-- as part of the campaign finance audit.

13

```
 7          So in the larger context, the reason why I think this
 8     would be of an interest to the JPML is because they've already
 9     admitted, that's part not in dispute, that they have the
10     ability to stop a political candidate from speaking to a
11     lawyer, a government agency can do that, which seems to be a
12     huge violation, an egregious violation of civil rights.  Why
13     can't the campaign speak to a lawyer at all?  That's 600
14     donors, thousands of supporters, 25 percent of the city that
15     voted for me approximately, but we can't speak to a lawyer to
16     represent our interests?  History may look at that as not voter
17     suppression but candidate suppression.
18          THE COURT:  Mr. Thayer?
19          MR. THAYER:  First of all, let me say that the board's
20     representations have always been that the campaign related
21     legal expenses may be subject to auditing.  For the plaintiff's
22     case, that may include her Article 78 proceeding which I
23     believe was brought in 2021.  That's the Justice Haggler case.
```

*Excerpt From the January 30, 2025 Hearing Before Judge Ramos in the SDNY*

Judge Hagler's case's three appeals are *ongoing*. Plaintiff's mother, Mary Nampiaparampil, the Campaign Treasurer, has yet to be cleared of any potential campaign finance violations from the 2021 "Dr. Devi For NYC" campaign. She has an ongoing parallel case in the Eastern District of New York: Mary Nampiaparampil v. The New York City Department of Sanitation, et al. (1:24-cv-05605). Plaintiff's mother has already been fined numerous times—although none of the fines "stuck." As the Court may recall, she was prosecuted in 11 separate Sanitation cases between January 2022 and June 2022, which were argued before the Office of Administrative Trials and Hearings (OATH) Court. She was found not liable in all of them.

Then Plaintiff's mother faced over $10,000 in fines for her "over-the-limit" and "in-kind" contribution for volunteer labor in furtherance of this litigation, a fine which was later removed by the Defendants in May 2025.

Then after Plaintiff gave Oral Argument in North Carolina, the municipal Defendants filed a Cost Action against Plaintiff's mother in the EDNY to recover their travel expenses.

Now Plaintiff's mother is at risk for penalties if Plaintiff exceeds expenditure caps on any campaign-related expenses, including legal expenses. (Notably, Plaintiff was cleared of all campaign finance violations for the second time in May 2025; the first time was in November 2021 before Plaintiff initiated the litigation before Judge Ramseur).

12, The second reason Plaintiff is providing the Court with a status update on both the Ramseur and Hagler cases is because Plaintiff cannot determine—from the Defendants' various positions across state and federal courts— what their definition of "campaign-related" is, and is therefore proceeding with the most conservative definition. Defendants have stated that the Ramseur litigation is not "campaign-related," but this Court deemed the Ramseur litigation to be campaign-related in order to apply res judicata to Plaintiff's constitutional claims, which arose from the CFB's legislated campaign functions.

> 19    MR. THAYER: First of all, let me say that the board's
> 20    representations have always been that the campaign related
> 21    legal expenses may be subject to auditing. For the plaintiff's
> 22    case, that may include her Article 78 proceeding which I
> 23    believe was brought in 2021. That's the Justice Haggler case.
> 24    But the Justice Ramseur case, the Supreme Court plenary action
> 25    is not campaign related. That was another civil rights style
>
> SOUTHERN DISTRICT REPORTERS, P.C.
> (212) 805-0300
>
> Case 1:23-cv-06391-ER    Document 112    Filed 02/11/25    Page 12 of 27    12
> P1U4NAMC
>
> 1    case that the board does not consider to be campaign related,
> 2    consistent with this one, the EDNY case as well.

*Excerpt From the January 30, 2025 Hearing Before Judge Ramos in the SDNY*

Plaintiff notes that Defendants' characterizations of whether the state case was campaign-related or not have differed at various points in this litigation, which has contributed to Plaintiff's difficulty addressing the res judicata issue—particularly while subject to legal restrictions, i.e. the Lawyer Ban. Under the current restrictions, Plaintiff is permitted to retain legal counsel for certain related matters but not for others, which has prevented Plaintiff from effectively responding to Defendants' shifting positions across fora.

> In sum, Nampiaparampil's claims based on the Voter Guide, the debate, and the Program all arise out of the same "transaction or series of transactions" that formed the basis for the 2022 State Case. Her retaliation claim is not precluded because none of her

*Excerpt From Judge Ramos' Decision & Order dated May 9, 2024 (Doc #45)*

16

Plaintiff intends to move forward on the newly transferred federal action and the four First Department Appeals from the cases before Judge Ramseur and Judge Hagler.

Plaintiff brings all of this to the Court's attention for informational purposes only. Plaintiff is not seeking any Court action.

Respectfully submitted,

Devi Nampiaparampil

Plaintiff (Pro Se, Due to Campaign Finance Posture)

111 John Street, Suite 2509

New York, NY 10038

Cell: 312-523-5935

Email: devichechi@gmail.com