UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVI ELIZABETH NAMPIAPARAMPIL,

                     Plaintiff,

          -against-

THE NEW YORK CITY CAMPAIGN
FINANCE BOARD, *et al.*,

                     Defendants.

**ORDER**

23-cv-6391 (ER)

Ramos, D.J.:

Pending before the Court are eight motions, Docs. 57, 61, 76,[1] 102, 111, 115, 117, and 119.

Devi Elizabeth Nampiaparampil, currently appearing *pro se*,[2] initially brought this action on July 24, 2023, pursuant to 42 U.S.C. § 1983 and the New York State Constitution, against the New York City Campaign Finance Board ("the CFB"), David Duhalde, Hannah Egerton, Amy Loprest, Bethany Perskie, Frederick Schaffer, Matthew Sollars, and Jaclyn Williams (collectively, "Defendants"). Doc. 1. She alleged violations of her federal and state constitutional rights before, during, and after her 2021 campaign for New York City Public Advocate. *Id.*

On May 30, 2024, Nampiaparmpil filed a first amended complaint (the "FAC"), and at a conference held on July 25, 2024, the Court granted Defendants leave to file a motion to dismiss,

---

[1] Document 76 is docketed as a separate motion although it is Nampiaparmpil's opposition to the pending motion to dismiss.

[2] Nampiaparampil commenced the action with the assistance of counsel. Nampiaparampil's counsel sought to withdraw on November 21, 2023, and the Court granted the request on November 22, 2023. Doc. 27, 28. She filed a notice of *pro se* appearance on December 21, 2023. Doc. 29.

Doc. 61, which was stayed, along with the case, pending a decision by the United States Judicial Panel on Multidistrict Litigation (the "JPML") on her motion for consolidation with *Nampiaparampil v. The NYC Department of Sanitation Enforcement Division et al*, No. 24-cv-5606 (E.D.N.Y. 2024), Docs. 46, 55.

Since leave to file a motion to dismiss the FAC was granted, there have been numerous disputes amongst the parties and motions filed by the parties, including:  (1) on September 12, 2024, Nampiaparampil filed a proposed motion to "amend/correct facts presented" at the July 25, 2024 hearing, Doc. 57; (2) on September 20, 2024, Defendants filed a motion to dismiss the FAC, Doc. 61; (3) on January 27, 2025, Nampiaparampil filed a motion to compel the CFB to produce a final determination on the audit, Doc. 102; (4) on February 10, 2025, she filed a third motion for sanctions against Defendants, Doc. 111; (5) on February 11, 2025, she filed a motion to correct the docket to reflect her *pro se* status began on November 21, 2023, Doc. 115; (6) the next day, she filed a motion for recusal and a stay of proceedings, Doc. 117; and (7) on February 13, 2025, she moved for the Court to disclose, *inter alia*, all Section 1983 cases where it has ruled on claims with Defendants' attorney as opposing counsel, Doc. 119.

Nampiaparampil also filed a motion for  leave to file a supplemental complaint on February 3, 2025, Doc. 108, which the Court granted during a conference held on January 30, 2025.

The JPML panel denied multi-district treatment on April 3, 2025, concluding that "centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation."  Doc. 134 at 1.  On April 4, 2026, Nampiaparampil filed a motion to lift the stay, which the Court granted on April 6, 2026.  Docs. 137, 138.

The Court held a status conference on April 29, 2026, during which it resolved the

2

pending motions as follows:  (1) Nampiaparampil's proposed motion and Defendants' motion to dismiss were denied as moot, Doc. 57, 61; (2) Defense counsel was instructed to submit a letter to the Court indicating the status of the audit within one week; (3) Defendants were directed to file a response to Nampiaparampil's motion for sanctions, Doc. 111; (4) her motion to correct the docket to reflect her *pro se* status was resolved and the docket now reflects that her attorneys were terminated on November 22, 2023, Doc. 115; and (5) her motion for recusal and for the Court to disclose certain information were both denied, Docs. 117 and 119.

During the conference, the Court also ordered Nampiaparampil to file a second amended complaint ("SAC") and set a briefing schedule as follows:  SAC is due on May 13, 2026; Defendants must move or answer the SAC by June 3, 2026; if Defendants file a motion to dismiss, Nampiaparampil's opposition is due June 24, 2026; and Defendants' reply is due July 1, 2026.  Defendants are ordered to respond to Nampiaparampil's third motion for sanctions, Doc. 11, by June 13, 2026.

Accordingly, the Clerk of the Court is respectfully directed to terminate the motions, Docs. 57, 61, 76, 102, 115, 117, and 119.[3]

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.

---

[3] Of the eight pending motions, only the third motion for sanctions, Doc. 111, remains unresolved.